■ Ralph A. Milliken, Respondent, v John C. Holst, Jr., et al., Appellants. [612 NYS2d 660] —In an action, *inter alia,* to recover damages for breach of contract, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Meehan, J.), dated July 13, 1992, as granted the branch of the plaintiff's motion which was to strike the defendants' sixth, seventh, eighth and ninth affirmative defenses and denied the branch of the defendants' cross motion which was to dismiss the complaint for lack of personal jurisdiction.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the branch of the defendants' cross motion which was to dismiss the complaint for lack of personal jurisdiction is granted, and the branch of the plaintiff's

motion which was to strike the defendant's sixth, seventh, eighth, and ninth affirmative defenses is denied as academic.

The plaintiff, Dr. Ralph Milliken, is a New York resident who invested funds in the defendant ODS Investments I, a limited partnership which was formed in Missouri for the purpose of attempting to purchase a majority of the shares of a bankrupt Texas corporation. The defendant Market Power & Energy Company, Inc. (hereinafter MPEC), a Missouri corporation, is the general partner of ODS Investments I, and the defendant John C. Holst, Jr., is MPEC's president.

The plaintiff contends that, on May 15, 1991, the parties entered into a contract in which he agreed to assist the defendants defend a Federal lawsuit in Texas by withdrawing as a named plaintiff from that suit and by cooperating with the defendants in the prosecution of a second lawsuit in Texas. It is undisputed that the negotiations culminating in the execution of the May 15, 1991, agreement were conducted solely by telephone, that the defendants executed the agreement in St. Louis, Missouri, and that they transmitted it to the plaintiff in New York via a facsimile machine.

On appeal, the defendants contend, *inter alia,* that the Supreme Court erred in denying their cross motion to dismiss the complaint on the ground of lack of personal jurisdiction. We agree.

CPLR 302 (a) (1) provides, in pertinent part, that a court may exercise personal jurisdiction over a nondomiciliary who "transacts any business within the state." Telephone and mail contacts alone may form a basis for jurisdiction when a defendant has " 'projected himself into New York in such a manner that he "purposefully availed himself * * * of the benefits and protections of its laws" ' " *(United States Theatre Corp. v Gunwyn/Lansburgh,* 825 F Supp 594, 595, quoting *Parke-Bernet Galleries v Franklyn,* 26 NY2d 13, 17).

An examination of the circumstances in this case leads us to conclude that the defendants did not purposefully transact business in New York so as to subject them to the jurisdiction of the New York courts. Notably, the parties' agreement is completely silent with regard to the plaintiff's contractual obligations. The plaintiff has done no more than allege, through counsel, that his obligations consisted of withdrawing from one lawsuit in Texas in which he had been named a plaintiff without his consent and cooperating in the prosecution of a second lawsuit in Texas. There is no evidence in the record that the parties' agreement required the plaintiff to

perform his alleged contractual obligations in New York or that the defendants contemplated performance by the plaintiff in New York. It is only by happenstance and for the plaintiff's own convenience that his attendance at a deposition—an event which he contends constitutes a substantial component of his performance—took place in New York. Under these circumstances, the plaintiff's alleged performance in New York does not supply a sufficient basis for the exercise of jurisdiction over the defendants (see, *Metropolitan Air Serv. v Penberthy Aircraft Leasing Co.,* 648 F Supp 1153; *Haar v Armendaris Corp.,* 31 NY2d 1040; cf., *Barbarotto Intl. Sales Corp. v Tullar,* 188 AD2d 503; *Lupton Assocs. v Northeast Plastics,* 105 AD2d 3; *Schneider v J & C Carpet Co.,* 23 AD2d 103). Rosenblatt, J. P., Miller, Krausman and Florio, JJ., concur.