OPINION OF THE COURT
 

 Rosenblatt, J.
 

 Vehicle and Traffic Law § 505 (5) requires every licensee to notify the Commissioner of Motor Vehicles, in writing, “of any change of residence of such licensee within ten days after such change occurs.” Following an accident in which plaintiff Mary Jo Keane was allegedly injured, defendants Madeline and Jack Kamin moved out of New York State, failing to notify the Commissioner of their new addresses. We must decide whether this failure estops defendants, as non-domiciliaries, from contesting personal jurisdiction in this action. We hold that it does not, and that defendants were not subject to personal jurisdiction in New York.
 

 In January 1992, plaintiff Mary Jo Keane was allegedly injured in an automobile accident in Vermont. Defendant Madeline Kamin was driving the other car, owned by her father, codefendant Jack Kamin. At the time, plaintiff was domiciled in Connecticut and defendants were both domiciled in New York State. In February 1994 and July 1994, defendants moved out of New York State without notifying the Commissioner of Motor Vehicles pursuant to Vehicle and Traffic Law § 505 (5).
 

 
 *265
 
 On December 28, 1994 plaintiff filed a summons and complaint against defendants in Supreme Court, New York County, relying on the information that defendant Madeline Kamin had provided in the accident report as to her and her father’s New York addresses. The Appellate Division found that plaintiff did not attempt to serve defendants at their former New York addresses. Plaintiff contends that the attempt was made, and it was only after the attempt that she learned that defendants had moved out of State. In either event, the result in this case is the same.
 

 On March 10, 1995, plaintiff served process on defendants at a Charlotte, North Carolina, address. Defendants failed to answer the complaint and plaintiff moved for default judgment. Defendants cross-moved to dismiss the complaint for lack of personal jurisdiction. Supreme Court granted defendants’ motion and dismissed the complaint. The Appellate Division unanimously affirmed. This Court granted leave to appeal, and now affirms.
 

 Plaintiff argues that defendants should be estopped from contesting personal jurisdiction because they failed to notify the New York State Department of Motor Vehicles of their new addresses.
 

 This argument draws our attention to the components and constitutional predicates of personal jurisdiction. One component involves service of process, which implicates due process requirements of notice and opportunity to be heard
 
 (see, Mulleme v Central Hanover Bank & Trust Co.,
 
 339 US 306, 314;
 
 Matter of Beckman v Greentree Sec.,
 
 87 NY2d 566, 570;
 
 Dobkin v Chapman,
 
 21 NY2d 490, 501). Typically, a defendant who is otherwise subject to a court’s jurisdiction, may seek dismissal based on the claim that service was not properly effectuated
 
 (see generally,
 
 CPLR 308-318;
 
 see, e.g., Flick v Stewart-Warner Corp.,
 
 76 NY2d 50, 57;
 
 Raschel v Risk,
 
 69 NY2d 694, 696).
 

 The other component of personal jurisdiction involves the power, or reach, of a court over a party, so as to enforce judicial decrees
 
 (see, e.g.,
 
 CPLR 301, 302). This consideration — the jurisdictional basis — is independent of service of process. Service of process cannot by itself vest a court with jurisdiction over a non-domiciliary served outside New York State, however flawless that service may be. To satisfy the jurisdictional basis there must be a constitutionally adequate connection between the defendant, the State and the action
 
 (see, Burger King Corp. v Rudzewicz,
 
 471 US 462, 475;
 
 World-Wide Volkswagen Corp. v
 
 
 *266
 

 Woodson,
 
 444 US 286, 291;
 
 International Shoe Co. v Washington,
 
 326 US 310, 315;
 
 see generally,
 
 Siegel, NY Prac § 58, at 78 [3d ed]; 2 Weinstein-Korn-Miller, NY Civ Prac ¶ 308.01).
 

 By arguing that “Vehicle and Traffic Law § 505 (5) gave [her] personal jurisdiction in New York,” plaintiff mistakes the
 
 service
 
 component of personal jurisdiction with the
 
 jurisdictional basis
 
 component. As Professor Siegel aptly points out, “both are products of due process * * * [but] are best investigated separately. A failure to separate them can breed confusion” (Siegel, NY Prac,
 
 op. cit.,
 
 at 79).
 

 Plaintiff relies principally on
 
 Pumarejo-Garcia v McDonough
 
 (242 AD2d 374). In that case, the Appellate Division held that “[a] party who fails to comply with [Vehicle and Traffic Law § 505 (5)] will be estopped from challenging the propriety of
 
 service
 
 which is made to the former address” (242 AD2d, at 375,
 
 supra
 
 [emphasis added]). On grounds of estoppel, the court excused the plaintiff’s improper service because of the defendant’s failure to comply with Vehicle and Traffic Law § 505 (5). The case did not, however, turn on the existence of a jurisdictional basis.
 

 We conclude that New York’s courts lacked a jurisdictional basis to entertain this lawsuit. Defendants were not domiciled in New York at the time plaintiff commenced her action. Moreover, the relevant provision of New York’s long-arm statute is inapplicable because the alleged tortious act occurred in Vermont (CPLR 302 [a] [2]).
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick and Wesley concur.
 

 Order affirmed, with costs.