OPINION OF THE COURT
Lucy Billings, J.
Plaintiff Commissioner of the New York City Department of Social Services commenced this action to recover public assistance overpaid to defendant in 1999. Plaintiff filed its sum *559 mons and complaint and the affidavit of service on January 18, 2002. After defendant failed to answer or appear, the court on April 24, 2002, mailed a notice of an inquest to defendant at the address where plaintiff served her: 1730 76th Street, Brooklyn, New York 11214. On May 1, 2002, the court received a letter dated April 25, 2002 from Lawrence N. Bromberg at that address, stating that he had been defendant’s landlord at 1730 76th Street, Brooklyn, New York, but that she vacated the premises on March 17, 2001, 10 months before the commencement of this action. Mr. Bromberg attached the notice of the inquest which the court had mailed to defendant and to which he was responding. The letter also states that defendant never resided in apartment 2RE, where she allegedly was served by substitute service and where the notice of the inquest was mailed, but that she resided in another apartment at 1730 76th Street, Brooklyn, New York, on the first floor, until she moved out on March 17, 2001.
If defendant actually vacated the premises at 1730 76th Street, Brooklyn, New York, in March 2001, 10 months before plaintiff attempted to serve her there, or if she resided in the first floor apartment, not apartment 2RE, the alleged place of service, then service was improper, and the court lacks personal jurisdiction over defendant. (CPLR 308 [2].) Although defendant, having never answered or appeared, obviously has made no claim of improper service, the court must assure that she has been afforded due process before entering a default judgment against her. The fundamental due process requirement in any legal proceeding is notice reasonably calculated to apprise a defendant of the proceeding and afford her an opportunity to present her claims. (Mullane v Central Hanover Bank & Trust Co., 339 US 306, 314 [1950]; Keane v Kamin, 94 NY2d 263, 265 [1999]; Beckman v Greentree Secs., 87 NY2d 566, 570 [1996].) The court may not simply ignore the communication received from defendant’s former landlord that belies notice reasonably calculated to apprise defendant and proceed to an inquest without requiring plaintiff to establish that this communication does not reflect the true facts and that service at 1730 76th Street, apartment 2RE, Brooklyn, New York, was proper.
Although the former landlord’s letter is not in admissible form, the landlord would have no apparent motive to respond falsely to the court’s notice. If plaintiff doubts his statement, plaintiff may subpoena him for cross-examination or present plaintiffs own independent evidence of defendant’s residence when she allegedly was served in January 2002.
*560 Therefore, at the adjourned inquest, plaintiff must present admissible evidence to substantiate the allegation in the affidavit of service that apartment 2RE, 1730 76th Street, Brooklyn, New York, was defendant’s residence on January 3, 2002, when plaintiff served her there and thus that service did comply with CPLR 308 (2) and due process. If plaintiff satisfies this standard, then plaintiff also must present admissible evidence that plaintiff otherwise is entitled to a default judgment. (CPLR 3215 [f].)