■ MARYBELL BOOKSTAVER, as Administratrix of the Estate of EVAN BOOKSTAVER, Deceased, Respondent, v MARIA G. SAINT-FORT, Appellant. [781 NYS2d 522]—

Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered March 10, 2003, which, to the extent appealed from, in granting defendant's motion to dismiss the complaint for lack of jurisdiction, gave leave to plaintiff to restore the action in the event the federal action was dismissed on jurisdictional grounds, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

Plaintiff commenced this action in Supreme Court, Bronx County, for pain and suffering and wrongful death after plaintiff's decedent was struck by a vehicle owned by defendant and operated by her daughter. Plaintiff also commenced an action based on diversity of citizenship, but for the same relief, in federal court. Defendant moved to dismiss the action commenced in Bronx County for, among other reasons, lack of personal jurisdiction and forum non conveniens. The motion court granted defendant's motion but ruled that if plaintiff's federal action were dismissed on jurisdictional grounds, plaintiff would have leave to restore this action. We note that by decision and order dated April 7, 2004, District Judge George B. Daniels dismissed plaintiff's action for lack of personal jurisdiction.

We reverse. The Supreme Court did not have personal jurisdiction over defendant since the underlying accident occurred in New Jersey and defendant lived in New Jersey at the time of the accident and did not live in New York at any time after the accident. In addition, defendant did not own property here, nor conduct business or derive business revenue in New York. Also, plaintiff served defendant with process in New Jersey.

Insofar as defendant had absolutely no connection to New York State, no predicate exists for personal jurisdiction (*see* CPLR 302 [a]).

Indeed, in order to satisfy the constitutional requirement that there be a jurisdictional basis for a court to have the "power, or reach, . . . over a party, so as to enforce judicial decrees . . . there must be a constitutionally adequate connection between the defendant, the State and the action (*see, Burger King Corp. v Rudzewicz*, 471 US 462, 475; *World-Wide Volkswagen Corp. v Woodson*, 444 US 286, 291; *International Shoe Co. v Washington*, 326 US 310, 315; *see generally*, Siegel, NY Prac § 58, at 78 [3d ed]; 2 Weinstein-Korn-Miller, NY Civ Prac ¶ 308.01)" (*Keane v Kamin*, 94 NY2d 263, 265-266 [1999]). New York also requires that there be an "articulable nexus between the business transacted and the cause of action sued upon" (*McGowan v Smith*, 52 NY2d 268, 272 [1981]; *see also Talbot v Johnson Newspaper Corp.*, 71 NY2d 827, 829 [1988]).

Accordingly, the Supreme Court should have, without limitation, granted defendant's motion to dismiss the action on the ground that it had never acquired personal jurisdiction over her (*see* CPLR 302 [a]; *Mitchell v Cunningham*, 281 AD2d 192 [2001]). In light of our determination, we need not reach defendant's alternate appellate argument of forum non conveniens. Concur—Tom, J.P., Andrias, Williams, Marlow and Gonzalez, JJ.