■ KIMCO EXCHANGE PLACE CORP., Appellant, v THOMAS BENZ, INC., et al., Respondents. [824 NYS2d 353]—

In an action to recover damages for breach of a real estate marketing agreement, the plaintiff appeals from an order of the Supreme Court, Nassau County (Austin, J.), dated November 3, 2005, which granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (8).

Ordered that the order is affirmed, with costs.

The defendant Thomas Benz is in the business of developing commercial real estate properties. He is the principal and owner of the defendants Thomas Benz, Inc., and John E. Benz & Co., and each of these entities is a resident of and has its principal place of business in Florida.

The plaintiff, Kimco Exchange Place Corporation, is a New York State licensed real estate broker and conducts a national brokerage and marketing business. In June 2003 the plaintiff faxed a copy of an exclusive marketing agreement to the defendants in Florida, and the defendants executed the agreement in Florida and faxed it back to the plaintiff in New York. Pursuant to the agreement, the plaintiff was to nationally market a property of the defendants in West Palm Beach, Florida. The parties executed a second exclusive agreement, wherein the plaintiff was to market nationally five other properties of the defendants in Washington DC, Rockville, Maryland, and Hampton, Newport News, and Norfolk, Virginia. The plaintiff went on to conduct the national campaign to sell the properties by preparing a marketing flyer, displaying the flyer on its Web site, distributing the flyer to principals in its database, and

distributing the flyer to select brokers. In the course of the campaign, the defendants made a few follow-up telephone calls to the plaintiff in New York.

The first cause of action alleges breach of the contract to market and sell the West Palm Beach property because after it was purchased pursuant to the first agreement, the defendants refused to pay the plaintiff the stipulated percentage of the purchase price. The plaintiff likewise alleged breach of contract in the second cause of action, in that title had closed on some or all of the five properties that were the subject of the second exclusive agreement, but the defendants refused to pay the plaintiff the stipulated percentage of the purchase price.

The Supreme Court granted the defendants' motion to dismiss the complaint, finding that the defendants had insufficient contacts with this state to support long-arm jurisdiction under CPLR 302 (a) (1). We agree.

CPLR 302 (a) is a "single act statute [and] . . . proof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted" (*Deutsche Bank Sec., Inc. v Montana Bd. of Invs.*, 7 NY3d 65, 71 [2006] [citations and internal quotation marks omitted]).

The defendants' acts of faxing the executed contracts to New York and of making a few telephone calls do not qualify as purposeful acts constituting the transacting of business (*see Milliken v Holst*, 205 AD2d 508, 509-510 [1994]; *J. E. T. Adv. Assoc. v Lawn King*, 84 AD2d 744, 745 [1981]). These few contacts do not constitute purposeful availment of the New York forum (*see Deutsche Bank, supra* at 71), but rather were merely attempts to contact the plaintiff. Moreover, the plaintiff marketed the defendants' properties nationally, not just within the State of New York, so the defendants, in contracting with the plaintiff, were not seeking to take advantage of a field particular to New York, such as the New York bond market particularly sought in *Deutsche Bank* (*supra*), or the New York media outlet firms sought in *Courtroom Tel. Network v Focus Media* (264 AD2d 351, 353-354 [1999]). In fact, the purchaser that the plaintiff allegedly procured for the West Palm Beach property is located in Florida. Finally, the plaintiff's activities within the state are not attributable to the defendants because they were not in any way directed by the defendants (*see J. E. T. Adv., supra* at 745). Because the defendants do not have sufficient contacts with this state and have therefore not availed

themselves of the benefits of this forum, due process would be offended if they were made subject to this State's jurisdiction (*cf. Milliken, supra* at 509-510; *J. E. T. Adv., supra* at 745). Miller, J.P., Ritter, Rivera and Lifson, JJ., concur. [*See* 9 Misc 3d 1125(A), 2005 NY Slip Op 51791(U) (2005).]