■ BARBARA FARKAS, Appellant, v GLENN FARKAS, Respondent. [830 NYS2d 220]—

In an action, inter alia, to recover damages for conversion of trust assets, the plaintiff appeals from an order of the Supreme Court, Rockland County (Sherwood, J.), dated October 27, 2005, which granted that branch of the defendant's motion which was to dismiss the complaint for lack of personal jurisdiction pursuant to CPLR 3211 (a) (8).

Ordered that the order is affirmed, with costs.

The plaintiff, a resident of South Carolina, commenced this action against the defendant, a resident of Virginia, inter alia, to recover damages for the alleged conversion of assets belonging to a trust formed in South Carolina. Allegedly, the trust formed in South Carolina held two mortgages secured by real property located in New York. The plaintiff alleges, inter alia, that the defendant wrongfully and without authority redirected the payments on these mortgages to a different trust located in Virginia. However, she does not allege that the mortgagors engaged in any actionable conduct concerning the redirected payments. The defendant moved to dismiss the complaint, inter alia, for lack of personal jurisdiction. The defendant contended, inter alia, that the trust was not formed or located in New York, did not own property or have an office or agent in New York,

and did not transact business in New York. The Supreme Court granted that branch of the defendant's motion which was to dismiss the complaint for lack of personal jurisdiction. We affirm.

In relevant part, CPLR 302 (a) permits the New York courts to exercise personal jurisdiction over a non-domiciliary who in person or through an agent "transacts any business within the state." What constitutes a "transaction of business" has "not been precisely defined, but it is clear that under the right circumstances, a 'single act' may constitute a transaction within the ambit of the long-arm statute" (*Opticare Acquisition Corp. v Castillo,* 25 AD3d 238, 243 [2005]). Indeed, "proof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted" (*Kreutter v McFadden Oil Corp.,* 71 NY2d 460, 467 [1988]; *see Deutsche Bank Sec., Inc. v Montana Bd. of Invs.,* 7 NY3d 65 [2006]; *Kimco Exch. Place Corp. v Thomas Benz, Inc.,* 34 AD3d 433 [2006]). Whether a non-domiciliary has engaged in sufficient purposeful activity to confer jurisdiction in New York requires an examination of the totality of the circumstances (*see Catauro v Goldome Bank For Sav.,* 189 AD2d 747, 748 [1993]).

Here, the plaintiff argues that the defendant's communications with the mortgagors were sufficient to support a finding that the defendant "transacted business" in New York within the meaning of CPLR 302 (a). However, under the totality of the circumstances, we disagree that these communications, which were ministerial in nature as to the New York mortgagors, constituted purposeful activity in New York, substantially related to this action, such that they were sufficient to support long-arm jurisdiction (*see e.g. Kimco Exch. Place Corp. v Thomas Benz, Inc., supra*). Thus, the Supreme Court properly dismissed the complaint for lack of personal jurisdiction. Rivera, J.P., Spolzino, Ritter and Angiolillo, JJ., concur.