■ CRAIG ZOTTOLA, Appellant, v AGI GROUP, INC., Respondent, et al., Defendant. [882 NYS2d 445]—

In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Sproat, J.), dated December 7, 2007, which granted the motion of the defendant AGI Group, Inc., pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant AGI Group, Inc., to dismiss the complaint insofar as asserted against it is denied.

In November 2005, while seeking to buy a boat on the Internet, the plaintiff found a Web site showing the boat he

wanted. Ultimately, that Internet search provided a telephone number which connected him to a representative of the defendant AGI Group, Inc. (hereinafter AGI). It is undisputed that AGI is located in Florida and does not have a physical presence in New York State.

On or about November 18, 2005, the plaintiff ordered the boat over the telephone from AGI's representative. He then transferred the sum of $15,000 to AGI's account at the Bank of America branch at 100 West 33rd Street in Manhattan, as payment for part of the cost of the boat. The boat was damaged on its way to New York. According to the plaintiff, the defendant Boss Boats, LLC, took responsibility for the damage and was supposed to deliver a different boat to him. When neither the boat was delivered nor his money refunded, the plaintiff commenced this action on November 13, 2006.

After settlement negotiations broke down, AGI moved to dismiss the complaint insofar as asserted against it on the ground that the minimum contacts needed to exercise in personam jurisdiction over it were lacking. It alleged that it was a Florida corporation whose only presence outside Florida was by way of the Internet, and the only contacts with the plaintiff were by the Internet or telephone. AGI also alleged that its main business was in the field of items used in home improvements. It further alleged that it "never sold any merchandise to any buyer in the State of New York" and it "had never been approached by a New York company or individual since the inception of our company to obtain merchandise from our company either through our store or our web site." The president of AGI also averred that he believed that it had never done business in New York State. This, AGI contended, was insufficient to provide the minimum contacts required to permit New York to exercise in-personam jurisdiction over it. The Supreme Court granted the motion. We reverse.

Due process requires that to exercise jurisdiction over a nonresident defendant, the nonresident defendant must have "minimum contacts" such that maintenance of the action does not offend traditional notions of fair play and substantial justice (*see e.g. International Shoe Co. v Washington,* 326 US 310, 316 [1945]). Due process is not offended "[s]o long as a party avails itself of the benefits of the forum, has sufficient minimum contacts with it, and should reasonably expect to defend its actions there . . . even if not 'present' in that State . . . New York's long-arm statute, CPLR 302, was enacted in response to [inter alia that decision]" (*Kreutter v McFadden Oil Corp.,* 71 NY2d 460, 466-467 [1988] [citations omitted]).

Under CPLR 302 (a) (1), the provision at issue here, "a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state." CPLR 302 (a) (1) "is a 'single act statute' and proof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted" (*Kreutter v McFadden Oil Corp.,* 71 NY2d at 467; *see Deutsche Bank Sec., Inc. v Montana Bd. of Invs.,* 7 NY3d 65, 71 [2006], *cert denied* 549 US 1095 [2006]). Thus, to avail itself of this statute, a plaintiff must not only establish that the defendant purposefully transacted business within the State of New York, but must also show a substantial relationship, which may pertain to a single act, between the transaction and the claim asserted (*see Deutsche Bank Sec., Inc. v Montana Bd. of Invs.,* 7 NY3d at 71; *Kreutter v McFadden Oil Corp.,* 71 NY2d at 467).

To satisfy the "transacting business" requirement under CPLR 302 (a) (1), a nonresident defendant must purposefully avail itself of the privilege of conducting activities in New York, thus invoking the benefits and protections of New York law (*see McGowan v Smith,* 52 NY2d 268, 271 [1981]). The totality of the nonresident defendant's activities within the forum state is considered in order to determine whether its contacts satisfy the "transacting business" requirement (*see Longines-Wittnauer Watch Co. v Barnes & Reinecke,* 15 NY2d 443, 457-458 [1965]).

In response to AGI's assertions that it lacked the minimum contacts, the plaintiff made a prima facie showing that there were sufficient minimum contacts to permit New York to exercise in personam jurisdiction over AGI. In his complaint, the plaintiff alleged first, that "[both of] the defendants" (including AGI) agreed to deliver the boat in New York. Second, he provided proof that the money for the purchase of the boat was paid to AGI by wire transfer to a New York bank branch, not a Florida bank. Third, according to the "Manufacture's [*sic*] Statement of Origin," the boat in question was transferred on March 14, 2005, to AGI, and on December 2, 2005, AGI transferred the "Statement of Origin and boat" to the plaintiff at his New York address. This was sufficient to show that AGI accomplished this transaction in New York State, sufficiently availed itself of the benefits of doing business in this State, and had a substantial relationship with this State such that due process would not be offended by subjecting it to this State's juris-

diction, and that it thereby subjected itself to in personam jurisdiction under CPLR 302 (a) (1). Thus, the motion by AGI pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against it should have been denied (*see Bogal v Finger,* 59 AD3d 653 [2009]; *Opticare Acquisition Corp. v Castillo,* 25 AD3d 238, 243 [2005]; *People v Concert Connection,* 211 AD2d 310, 315 [1995]; *cf. Farkas v Farkas,* 36 AD3d 852 [2007]; *Kimco Exch. Place Corp. v Thomas Benz, Inc.,* 34 AD3d 433 [2006]).

In light of our determination, we need not reach the plaintiff's remaining contention. Spolzino, J.P., Dillon, Florio and Angiolillo, JJ., concur.