■ EXECUTIVE LIFE LTD., Doing Business as EXECUTIVE ALLIANCE, Appellant, v DAVID SILVERMAN, Doing Business as SILVERMAN LAW FIRM, Respondent. [890 NYS2d 106]—

The plaintiff, Executive Life Ltd., doing business as Executive Alliance (hereinafter Executive), a New York based executive search agency, allegedly contracted with the defendant, a Colorado based collections attorney, to refer candidates for open paralegal and attorney positions in the defendant's law firm. The agreement between the parties provided that Executive would be entitled to a commission if it referred a person whom the defendant hired, and the person remained employed by the defendant for 60 consecutive days. The defendant was never physically present in New York, and the agreement between the parties was negotiated by telephone and e-mail. Executive faxed the agreement, which provided that it would be governed by New York law, to the defendant, who executed it and returned it by fax. According to the complaint, Executive referred a candidate whom the defendant hired for the paralegal position and that person remained employed by the defendant for at least 60 consecutive days. Nevertheless, the defendant allegedly failed to pay the commission due. Executive commenced this action against the defendant in the Supreme Court, Suffolk County. The Supreme Court granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction (*see* CPLR 302 [a] [1]). We affirm.

Under New York's long-arm statute, "a court may exercise personal jurisdiction over any non-domiciliary . . . who . . . transacts any business within the state" (CPLR 302 [a]), regardless of whether that nondomiciliary has actually set foot in New York State (*see Fischbarg v Doucet,* 9 NY3d 375, 380 [2007]; *Kreutter v McFadden Oil Corp.,* 71 NY2d 460, 467 [1988]; *Parke-Bernet Galleries v Franklyn,* 26 NY2d 13, 17 [1970]; *Bogal v Finger,* 59 AD3d 653 [2009]). Whether a defendant has transacted business within New York is determined under the totality of the circumstances, and rests on whether the defendant, by some act or acts, has "purposefully avail[ed] itself of the privilege of conducting activities within [New York]" (*Ehrenfeld v Bin Mahfouz,* 9 NY3d 501, 508 [2007]). "Purposeful activities are those with which a defendant, through volitional acts, 'avails itself of the privileges of conducting activities within the forum State, thus invoking the benefits and protections of its laws' " (*Fischbarg v Doucet,* 9 NY3d at 380, quoting *McKee Elec. Co. v Rauland-Borg Corp.,* 20 NY2d 377, 382 [1967]). The long-arm

statute is a "single-act" statute (*Deutsche Bank Sec., Inc. v Montana Bd. of Invs.*, 7 NY3d 65, 71 [2006], *cert denied* 549 US 1095 [2006]; *see George Reiner & Co. v Schwartz,* 41 NY2d 648, 651-652 [1977]) and, thus, evidence of even one such transaction is sufficient to confer jurisdiction over a nondomiciliary defendant, provided that the defendant's activities were purposeful and "there is a substantial relationship between the transaction and the claim asserted" (*Kreutter v McFadden Oil Corp.*, 71 NY2d at 467; *see Stardust Dance Prods., Ltd. v Cruise Groups Intl., Inc.,* 63 AD3d 1262, 1264 [2009]). "[I]t is the quality of the defendants' New York contacts that is the primary consideration" (*Fischbarg v Doucet,* 9 NY3d at 380).

The Supreme Court properly dismissed the complaint. Although negotiations may have taken place by telephone, fax, and e-mail, and the defendant allegedly faxed the agreement to Executive's office in New York, the defendant's actions did not amount to a purposeful invocation of the privileges of conducting business in New York. We note that the defendant did not specify that any applicant was to come from New York, and, indeed, the person he hired was already based in Colorado (*see Kimco Exch. Place Corp. v Thomas Benz, Inc.,* 34 AD3d 433, 434 [2006]; *Professional Personnel Mgt. Corp. v Southwest Med. Assoc.,* 216 AD2d 958 [1995]; *Milliken v Holst,* 205 AD2d 508, 509-510 [1994]; *cf. Corporate Campaign v Local 7837, United Paperworkers Intl. Union,* 265 AD2d 274, 275-276 [1999]). The choice of law provision in the agreement, while relevant, is insufficient by itself to confer personal jurisdiction over the defendant in New York under CPLR 302 (a) (1) (*see Goulds Pumps v Mazander Engineered Equip. Co.,* 217 AD2d 960, 961 [1995]; *Peter Lisec Glastechnische Industrie GmbH v Lenhardt Maschinenbau GmbH,* 173 AD2d 70, 72 [1991]). Fisher, J.P., Covello, Santucci and Balkin, JJ., concur.