Rose, J.P.
Appeals (1) from an order of the Supreme Court (Hummel, J.), entered September 21, 2011 in Rensselaer County, which, among other things, partially granted defendants’ cross motion for summary judgment dismissing the complaint, (2) from an order of said court, entered December 13, 2011 in Rensselaer County, which, among other things, denied plaintiffs motion for reargument, and (3) from an order of said court, entered February 13, 2012 in Rensselaer County, which granted defendants’ motion for summary judgment dismissing the complaint.
Plaintiff entered into a three-month agreement with defendant Yodle, Inc. to conduct an Internet advertising campaign for his divorce document preparation business. Three weeks after agreeing to the terms of the contract, plaintiff emailed defendant Brad Leitch, a Yodle employee who lives and works in North Carolina, and stated that he could not afford to proceed due to unanticipated personal expenses. Relying on the terms of the contract, Yodle refused to refund plaintiff any money and continued the advertising campaign until—just before the end of the three-month term—plaintiff commenced this action seeking to recover damages for, among other things, fraud and breach of contract.
After joinder of issue and some discovery, plaintiff moved to compel defendants to respond to his interrogatories. Defendants cross-moved for, among other things, summary judgment dismissing the complaint. Supreme Court denied the motion to compel and partially granted defendants’ cross motion, dismissing the action against Leitch and defendant Scott Long, a Yodle employee who lives and works in Arizona, for lack of personal jurisdiction and dismissing all claims except for breach of contract. The court limited plaintiffs damages on the remaining claim to the amount he actually paid to Yodle pursuant to the contract. Plaintiff later moved for reargument but also withdrew his claim for the breach of contract damages. Supreme Court denied reargument and then granted defendants’ motion for summary judgment dismissing the remaining claim. Plaintiff appeals from each order.[1]
Initially, we cannot agree with plaintiff’s contention that *1179 Supreme Court erred in determining that it lacked jurisdiction over Leitch and Long. Given the nature of their work on plaintiffs Internet advertising campaign and his limited contact with them via telephone and email, their conduct “did not amount to a purposeful invocation of the privileges of conducting business in New York” so as to confer personal jurisdiction under CPLR 302 (a) (1) (Executive Life Ltd. v Silverman, 68 AD3d 715, 716-717 [2009]; see Fischbarg v Doucet, 9 NY3d 375, 380 [2007]; Professional Personnel Mgt. Corp. v Southwest Med. Assoc., 216 AD2d 958, 958 [1995]).
Nor did Supreme Court abuse its broad discretion in denying plaintiffs motion to compel. Plaintiff failed to establish that defendants’ responses to the first set of interrogatories were insufficient or that the second set of interrogatories sought “material and necessary” information (CPLR 3101 [a]; see Aaron v Pattison, Sampson, Ginsberg & Griffin, P.C., 69 AD3d 1084, 1085 [2010]; Dolback v Reeves, 265 AD2d 625, 626 [1999]; NBT Bancorp v Fleet/Norstar Fin. Group, 192 AD2d 1032, 1034 [1993]).
Turning to the merits, defendants established their prima facie entitlement to summary judgment with evidence that plaintiff agreed to the terms and conditions of the contract. Those terms authorized Yodle to create a website that was a mirror image of plaintiffs website, with a different telephone number and email address, in order to monitor the calls and emails generated by the advertising, and to charge his credit card for the agreed upon amounts. Plaintiff opposed the motion with conclusory, unsupported allegations that are at odds with the factual evidence in the record.[2] Having failed to demonstrate the existence of triable issues of fact, summary judgment was properly granted (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Cape Vincent Milk Producers Coop., Inc. v St. Lawrence Food Corp., 43 AD3d 606, 607-608 [2007]; Hausler v Spectra Realty, 188 AD2d 722, 723-724 [1992]).
We have considered plaintiffs remaining contentions and find them to be without merit.
Lahtinen, Stein and Egan Jr., JJ., concur.
Ordered that the orders entered September 21, 2011 and February 13, 2012 are affirmed, without costs. Ordered that the appeal from the order entered December 13, 2011 is dismissed, without costs.

. Plaintiff acknowledges that no appeal lies from the denial of the motion to reargue, and we dismiss that appeal (see Reynolds v Reynolds, 92 AD3d 1109, 1110 [2012]).

. Plaintiff’s claim that he never received the terms and conditions is made for the first time on appeal and is not properly before this Court (see Kropp v Town of Shandaken, 91 AD3d 1087, 1088 n 1 [2012]).