Sholom Jacobs et al., Appellants, v 201 Stephenson Corporation et al., Defendants, and Douglas P. McManamy et al., Respondents. [30 NYS3d 134]—

In an action, inter alia, to recover damages for legal malpractice and fraudulent misrepresentation, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), entered October 20, 2014, as, upon reargument, in effect, vacated its original determination in an order entered June 24, 2014, denying the motion of the defendants Douglas P. McManamy and McManamy Jackson P.C., pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction, and thereupon granted the motion to dismiss.

Ordered that the order entered October 20, 2014, is affirmed insofar as appealed from, with costs.

The plaintiffs, Sholom Jacobs and 326 Coy Burgess Road, LLC, are domiciliaries of the State of New York. The defendants Douglas P. McManamy, an attorney, and McManamy Jackson PC, a law firm (hereinafter together the defendants) are domiciliaries of the State of Georgia. In 2014, the plaintiffs commenced this action against the defendants and others seeking damages for, inter alia, alleged fraud in connection with out-of-state real estate transactions. Insofar as asserted against the defendants, the complaint alleged a cause of action sounding in legal malpractice and one sounding in fraudulent misrepresentation. The defendants made a pre-answer motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction. In an order entered June 24, 2014, the Supreme Court denied the motion. Thereafter, the defendants moved for leave to reargue their motion. In the order appealed from, the Supreme Court granted the defendants' motion for leave to reargue and, upon reargument, granted the defendants' motion to dismiss the complaint insofar as asserted against them.

"Although the ultimate burden of proof regarding personal

jurisdiction rests with the plaintiff, to defeat a CPLR 3211 (a) (8) motion to dismiss a complaint, the plaintiff need only make a prima facie showing that the defendant is subject to the personal jurisdiction of the court" (*Whitcraft v Runyon*, 123 AD3d 811, 812 [2014]; *see Weitz v Weitz*, 85 AD3d 1153, 1154 [2011]; *Cornely v Dynamic HVAC Supply, LLC*, 44 AD3d 986, 986 [2007]). Under CPLR 302 (a) (1), "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state." The transaction of business criterion under CPLR 302 (a) is satisfied if it can be shown that a " 'defendant's activities [in New York] were purposeful and there is a substantial relationship between the transaction and the claim asserted' " (*Kimco Exch. Place Corp. v Thomas Benz, Inc.*, 34 AD3d 433, 434 [2006], quoting *Deutsche Bank Sec., Inc. v Montana Bd. of Invs.*, 7 NY3d 65, 71 [2006]). "Purposeful activities are those with which a defendant, through volitional acts, 'avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws' " (*Fischbarg v Doucet*, 9 NY3d 375, 380 [2007], quoting *McKee Elec. Co. v Rauland-Borg Corp.*, 20 NY2d 377, 382 [1967]). "Whether a non-domiciliary has engaged in sufficient purposeful activity to confer jurisdiction in New York requires an examination of the totality of the circumstances" (*Farkas v Farkas*, 36 AD3d 852, 853 [2007]).

Here, review of the totality of the circumstances leads to the conclusion that the defendants did not conduct sufficient purposeful activities in New York which bore a substantial relationship to the subject matter of this action so as to avail themselves of the benefits and protections of New York's laws (*see Paterno v Laser Spine Inst.*, 112 AD3d 34, 40 [2013], *affd* 24 NY3d 370 [2014]; *Executive Life Ltd. v Silverman*, 68 AD3d 715 [2009]; *Kimco Exch. Place Corp. v Thomas Benz, Inc.*, 34 AD3d at 434). Therefore, the defendants did not "transact business" in this State and were not subject to the "long arm" jurisdiction provision of CPLR 302 (a) (1).

In addition, contrary to the plaintiffs' contention, personal jurisdiction over the defendants was not conferred pursuant to CPLR 302 (a) (3) (ii), based upon alleged tortious activity occurring outside New York which caused injury within New York (*see Muse Collections, Inc. v Carissima Bijoux, Inc.*, 86 AD3d 631, 631-632 [2011]).

Accordingly, the plaintiffs failed to make a prima facie showing that the defendants were subject to the personal jurisdiction of the Supreme Court (*see Daniel B. Katz & Assoc. Corp. v*

*Midland Rushmore, LLC*, 90 AD3d 977, 978 [2011]). Therefore, the Supreme Court properly, upon reargument, granted the defendants' motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against them. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.