■ THOMAS CHEN et al., Appellants, v GUO LIANG LU, Respondent. [41 NYS3d 517]—

In an action, inter alia, to recover damages for fraud, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Agate, J.), entered August 4, 2014, as granted that branch of the defendant's cross motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint for lack of personal jurisdiction.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs commenced this action on July 30, 2013, alleging that the defendant, as vice-president and a member of the board of directors of the plaintiff Huai'an Crystal Real Property Development Ltd. Co. (hereinafter Huai'an Crystal), engaged in fraudulent activities between October 2006 and December 2009. Huai'an Crystal is a company that is incorporated under the laws of the People's Republic of China. The plaintiffs allege that the defendant, a citizen of China, made misrepresentations to the board of Huai'an Crystal concerning real estate investments, and entered into contracts without the board's consent while receiving kickbacks in consideration for securing those contracts. In addition, the plaintiffs allege that in

December 2009, at the defendant's request, the plaintiff Crystal Window & Door Systems, Ltd. (hereinafter Crystal Window), a New York corporation, and its president, the plaintiff Thomas Chen, petitioned the United States Citizenship and Immigration Services on the defendant's behalf for permanent resident immigration status in order to then hire him as vice-president of Crystal Window.

In October 2013, the plaintiffs moved for leave to enter a default judgment against the defendant based upon his failure to answer the complaint or appear in the action. The defendant cross-moved, inter alia, pursuant to CPLR 3211 (a) (8) to dismiss the complaint on the ground that he was not subject to personal jurisdiction under CPLR 302, New York's long arm statute. The defendant argued that the allegations in the complaint related to business transacted in China between Huai'an Crystal, a Chinese company, and himself, a citizen of China. He contended that he is not domiciled in New York and had not visited New York since March 2013. In opposition, the plaintiffs argued that the defendant was subject to personal jurisdiction pursuant to both CPLR 301 and 302 (a) (1). The Supreme Court denied the plaintiffs' motion and granted that branch of the defendant's cross motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint for lack of personal jurisdiction. The court concluded that, in opposition to the cross motion, the plaintiffs failed to establish either that the defendant was domiciled in New York or that he transacted business in the state. The plaintiffs appeal.

In opposition to a motion pursuant to CPLR 3211 (a) (8) to dismiss a complaint for lack of personal jurisdiction, the plaintiff need only make a prima facie showing that the defendant is subject to the jurisdiction of the court (see Carrs v Avco Corp., 124 AD3d 710 [2015]; Paterno v Laser Spine Inst., 112 AD3d 34, 39 [2013], affd 24 NY3d 370 [2014]; Goel v Ramachandran, 111 AD3d 783, 788 [2013]; Alden Personnel, Inc. v David, 38 AD3d 697, 698 [2007]).

"When opposing a motion to dismiss a complaint pursuant to CPLR 3211 (a) (8) on the ground that discovery on the issue of personal jurisdiction is necessary, plaintiffs need not make a prima facie showing of jurisdiction, but instead 'need only demonstrate that facts may exist to exercise personal jurisdiction over the defendant' " (Daniel B. Katz & Assoc. Corp. v Midland Rushmore, LLC, 90 AD3d 977, 978 [2011], quoting Ying Jun Chen v Lei Shi, 19 AD3d 407, 407-408 [2005]; see Goel v Ramachandran, 111 AD3d at 788). If it appears "that facts essential to justify opposition [to the motion] exist but

cannot then be stated," the court may postpone resolution of the issue of personal jurisdiction (CPLR 3211 [d]; *see Mejia-Haffner v Killington, Ltd.*, 119 AD3d 912, 915 [2014]; *Goel v Ramachandran*, 111 AD3d at 788; *Daniel B. Katz & Assoc. Corp. v Midland Rushmore, LLC*, 90 AD3d at 978).

CPLR 301 provides that "[a] court may exercise such jurisdiction over persons, property, or status as might have been exercised heretofore" (*see Pichardo v Zayas*, 122 AD3d 699, 702 [2014]). " '[T]he bases for jurisdiction recognized by our common law before the date of the enactment of the CPLR [were] physical presence within the State, domicile or consent' " (*Pichardo v Zayas*, 122 AD3d at 702, quoting *Matter of Nilsa B. B. v Clyde Blackwell H.*, 84 AD2d 295, 303 [1981]).

"[D]omicile means 'living in [a] locality with intent to make it a fixed and permanent home' " (*King v Car Rentals, Inc.*, 29 AD3d 205, 210 [2006], quoting *Matter of Newcomb*, 192 NY 238, 250 [1908]). It is the place " 'where one always intends to return to from wherever one may be temporarily located' " (*King v Car Rentals, Inc.*, 29 AD3d at 210, quoting *Laufer v Hauge*, 140 AD2d 671, 672 [1988]). An individual may have multiple residences, but only one domicile (*see Rawstorne v Maguire*, 265 NY 204, 208 [1934]; *Matter of Newcomb*, 192 NY at 250; *Laufer v Hauge*, 140 AD2d at 672). In making a determination as to a defendant's domicile, examination of the defendant's intent to permanently reside in a given locality is essential (*see Matter of Newcomb*, 192 NY at 250-251; *King v Car Rentals, Inc.*, 29 AD3d at 211; *Laufer v Hauge*, 140 AD2d at 673). In this respect, courts must look to the defendant's intent as it existed at the time the plaintiff commenced the action (*see Keane v Kamin*, 94 NY2d 263, 266 [1999]). Where the defendant is not domiciled in New York at the time the action is commenced, New York courts lack personal jurisdiction over the defendant on that basis (*see id.* at 266).

Here, in opposing dismissal of the complaint pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction, the plaintiffs failed to make a prima facie showing that the defendant was domiciled in New York at the time the action was commenced in July 2013. Evidence of the defendant's ownership of a cooperative apartment in Queens is, on its own, insufficient to confer personal jurisdiction over him absent evidence of his intent to make the apartment his "fixed and permanent home" (*King v Car Rentals, Inc.*, 29 AD3d at 210 [internal quotation marks omitted]; *see Matter of Newcomb*, 192 NY at 250-251; *Magdalena v Lins*, 123 AD3d 600, 601 [2014]). The record demonstrated that the defendant resided in Shanghai, China,

while his wife and daughter resided in the cooperative apartment in Queens. It was undisputed that the defendant had not even visited New York since March 2013. Further, while the defendant's immigration status may be indicative of an intent on the part of the defendant to reside in the United States at the time a petition for an employment-based immigrant visa was filed on his behalf in December 2009, it does not demonstrate an intent to make New York his fixed and permanent home at the time this action was commenced in July 2013, four months after his departure from the United States (*see generally Keane v Kamin*, 94 NY2d at 266). Accordingly, the plaintiffs failed to make a prima facie showing that the defendant intended to make New York his permanent home such that he was subject to personal jurisdiction on the basis of domicile (*see id.*; *Magdalena v Lins*, 123 AD3d at 601). Further, the plaintiffs did not allege any other facts which, if proven, would demonstrate that personal jurisdiction over the defendant existed on the ground of domicile. Therefore, they failed to demonstrate a "sufficient start" to warrant discovery on the matter (*Mejia-Haffner v Killington, Ltd.*, 119 AD3d at 915; *see* CPLR 3211 [d]).

Pursuant to CPLR 302 (a) (1), the court may exercise personal jurisdiction over a nondomiciliary who "transacts any business within the state or contracts anywhere to supply goods or services in the state." The transaction of business is established where it is shown that a " 'defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted' " (*Kimco Exch. Place Corp. v Thomas Benz, Inc.*, 34 AD3d 433, 434 [2006], quoting *Deutsche Bank Sec., Inc. v Montana Bd. of Invs.*, 7 NY3d 65, 71 [2006]; *see Ehrenfeld v Bin Mahfouz*, 9 NY3d 501, 508 [2007]; *Talbot v Johnson Newspaper Corp.*, 71 NY2d 827, 829 [1988]; *Jacobs v 201 Stephenson Corp.*, 138 AD3d 693, 694 [2016]; *Paterno v Laser Spine Inst.*, 112 AD3d at 39-40).

" 'Purposeful activities are those with which a defendant, through volitional acts, avails [himself or herself] of the privilege of conducting activities within [New York], thus invoking the benefits and protections of its laws' " (*Daniel B. Katz & Assoc. Corp. v Midland Rushmore, LLC*, 90 AD3d at 979, quoting *Fischbarg v Doucet*, 9 NY3d 375, 380 [2007]; *see Jacobs v 201 Stephenson Corp.*, 138 AD3d at 694; *Mejia-Haffner v Killington, Ltd.*, 119 AD3d at 913-914; *Paterno v Laser Spine Inst.*, 112 AD3d at 40). A single transaction in New York may suffice to invoke jurisdiction even if the defendant never enters the state, provided that the activity was purposeful and " 'there is

a substantial relationship between the transaction and the claim asserted' " (*Deutsche Bank Sec., Inc. v Montana Bd. of Invs.*, 7 NY3d at 71, quoting *Kreutter v McFadden Oil Corp.*, 71 NY2d 460, 467 [1988]; *see Executive Life Ltd. v Silverman*, 68 AD3d 715, 717 [2009]; *Opticare Acquisition Corp. v Castillo*, 25 AD3d 238, 243 [2005]). Indeed, absent " 'some articulable nexus' " between a defendant's purposeful business activities in the state and the plaintiff's claims, personal jurisdiction pursuant to CPLR 302 (a) (1) may not be exercised (*Opticare Acquisition Corp. v Castillo*, 25 AD3d at 246, quoting *McGowan v Smith*, 52 NY2d 268, 272 [1981]; *see Talbot v Johnson Newspaper Corp.*, 71 NY2d at 829; *Shatara v Ephraim*, 137 AD3d 1244, 1247 [2016]; *Mejia-Haffner v Killington, Ltd.*, 119 AD3d at 914).

Here, the sole purposeful activity cited by the plaintiffs in support of their argument that the defendant is subject to personal jurisdiction pursuant to CPLR 302 (a) (1) is the employment relationship between Crystal Window and the defendant. However, the alleged wrongdoing upon which the complaint primarily is based occurred during the defendant's employment with Huai'an Crystal, a Chinese company, prior to any employment with Crystal Window. Further, although the plaintiffs allege that the defendant visited New York on several occasions in 2009 prior to any employment with Crystal Window, there is no indication that any business was transacted during those visits or that the visits were related in any way to the allegations of wrongdoing contained in the complaint. Therefore, the plaintiffs failed to make a prima facie showing that the defendant is subject to personal jurisdiction pursuant to CPLR 302 (a) (1) by virtue of an employment relationship between the defendant and Crystal Window (*see Ehrenfeld v Bin Mahfouz*, 9 NY3d at 509; *Talbot v Johnson Newspaper Corp.*, 71 NY2d at 829; *Jacobs v 201 Stephenson Corp.*, 138 AD3d at 694; *Paterno v Laser Spine Inst.*, 112 AD3d at 40-47; *Kimco Exch. Place Corp. v Thomas Benz, Inc.*, 34 AD3d at 434).

Accordingly, the Supreme Court properly granted that branch of the defendant's cross motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint for lack of personal jurisdiction.

In light of our determination, we need not reach the defendant's remaining contentions. Chambers, J.P., Dickerson, Miller and Brathwaite Nelson, JJ., concur.