Gottlieb v Merrigan (2019 NY Slip Op 01702)





Gottlieb v Merrigan


2019 NY Slip Op 01702


Decided on March 7, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 7, 2019

526945

[*1]SCOTT C. GOTTLIEB, Appellant,
v
JAMES M. MERRIGAN, Individually and Doing Business as RAWSON, MERRIGAN & LITNER, LLP, et al., Respondents.

Calendar Date: January 15, 2019

Before: Egan Jr., J.P., Lynch, Devine, Rumsey and Pritzker, JJ.


The Crossmore Law Office, Ithaca (Edward Y. Crossmore of counsel), for appellant.
Aswad & Ingraham, Binghamton (Mary E. Saitta of counsel), for respondents.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from an order of the Supreme Court (Tait, J.), entered August 15, 2017 in Broome County, which granted defendants' motion for summary judgment dismissing the complaint.
The facts of this case are more fully set forth in our prior decision (119 AD3d 1054 [2014]). Briefly, in 2007, the client, a resident of New York, retained plaintiff, an attorney licensed in New York, to represent him in a personal injury action that occurred in Massachusetts during the client's scope of employment for a New York corporation. Subsequently, the client discharged plaintiff and hired defendant James M. Merrigan and his law firm, defendant Rawson, Merrigan & Litner, LLP — a resident of Massachusetts and a Massachusetts limited liability partnership, respectively — to represent the client in the underlying personal injury action. Ultimately, the client's action was settled for $800,000, and plaintiff thereafter commenced this action against defendants to recover a contingency fee of $66,788.39 for representation of the client prior to defendants taking over the case [FN1]. Defendants moved to dismiss the complaint for lack of personal jurisdiction, which Supreme Court granted. In July 2014, we reversed and remitted the matter to Supreme Court because plaintiff demonstrated, for purposes of obtaining further discovery, that additional facts establishing personal jurisdiction may exist (id. at 1056-1057). Following discovery and the filing of a note of issue, defendants moved for summary judgment dismissing the complaint for lack of personal jurisdiction. Supreme Court granted the motion, and plaintiff appeals. We affirm.
Pursuant to CPLR 302 (a) (1), "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state or contracts anywhere to supply . . . services in the state." A plaintiff bears the ultimate burden of proof as the party seeking to assert personal jurisdiction (see Urfirer v SB Bldrs., LLC, 95 AD3d 1616, 1618 [2012]; Andrew Greenberg, Inc. v Sirtech Can., Ltd., 79 AD3d 1419, 1420 [2010]). In determining whether jurisdiction exists, the court must conduct a twofold inquiry. "First, the defendant must have purposefully availed itself of the privilege of conducting activities within the forum [s]tate by either transacting business in New York or contracting to supply . . . services in New York" and "[s]econd the claim must arise from that business transaction or from the contract to supply . . . services" (D & R Global Selections, S.L. v Bodega Olegario Falcon Pineiro, 29 NY3d 292, 297 [2017] [internal quotation marks and citation omitted]; see Rushaid v Pictet & Cie, 28 NY3d 316, 323 [2016]). The defendant's activities are purposeful if the defendant avails itself of the privilege of conducting activities within New York and invokes the benefits and protections of its laws (see Paterno v Laser Spine Inst., 24 NY3d 370, 377 [2014]; Gottlieb v Merrigan, 119 AD3d at 1056; Benifits by Design Corp. v Contractor Mgt. Servs., LLC, 75 AD3d 826, 829 [2010]). Whether the activities are purposeful is an objective inquiry that "requires a court to closely examine the defendant's contacts for their quality" (Licci v Lebanese Can. Bank, SAL, 20 NY3d 327, 338 [2012]; see Stardust Dance Prods., Ltd. v Cruise Groups Intl., Inc., 63 AD3d 1262, 1264 [2009]).
Plaintiff contends that several of defendants' activities amount to the transaction of business within New York. We disagree. First, there is no evidence that defendants reached out or solicited clients in New York to represent them in personal injury accidents in Massachusetts (compare Fischbarg v Doucet, 9 NY3d 375, 380 [2007]). Further, although defendants sent numerous letters and emails to the client's medical providers in New York, those actions were "responsive in nature, and not the type of interactions that demonstrate the purposeful availment necessary to confer personal jurisdiction" (Paterno v Laser Spine Inst., 24 NY3d at 378; see Collins v Yodle, Inc., 105 AD3d 1178, 1178-1179 [2013], lv denied 21 NY3d 860 [2013]). Also, those contacts merely served the convenience of the client whose medical treatment took place in New York (see Milliken v Holst, 205 AD2d 508, 510 [1994]), which is not unusual and does not indicate that defendants invoked the laws or privileges of New York (see Ehrenfeld v Bin Mahfouz, 9 NY3d 501, 509 [2007]). Similarly, the client's signing of a release before a New York notary public was for the convenience of the client and in furtherance of the Massachusetts personal injury case and, as such, did not amount to a deliberate or purposeful use of New York courts (see Ehrenfeld v Bin Mahfouz, 9 NY3d at 509; Bloomgarden v Lanza, 143 AD3d 850, 852 [2016]; compare Liberatore v Calvino, 293 AD2d 217, 221 [2002]).
The record also reveals that defendants' activities relative to the client's New York workers' compensation case were similarly insufficient to constitute the transaction of business within New York. Specifically, deposition testimony submitted by defendants revealed that the nature and quality of the communications with the workers' compensation carrier for the client's employer, the New York Transportation Trust (hereinafter the Trust), were not "negotiations" but merely an inquiry into honoring the Trust's lien. When the amount presented to defendants to satisfy the client's workers' compensation lien was agreeable, defendants did not negotiate or make a counteroffer. The subsequent settlement agreement was signed by the client, the third-party administrator for the Trust and the law firm that represented plaintiff in the workers' compensation case. Accordingly, we find that defendants' limited contact with the Trust was merely incidental to the settling of the personal injury action in Massachusetts (see Etra v Matta, 61 NY2d 455, 458 [1984]; Parke-Bernet Galleries v Franklyn, 26 NY2d 13, 17 [1970]; compare Paradigm Mktg. Consortium, Inc. v Yale New Haven Hosp., Inc., 124 AD3d 736, 737 [2015]). Lastly, given that the damages plaintiff seeks is a 25% share of defendants' contingency fee, the amount of which is based on a retainer agreement between defendants and the client, plaintiff's damages would not be affected by the client's reimbursement of workers' compensation benefits; the contingency fee is based on the gross settlement amount, which is also not affected by the workers' compensation lien. As such, even if defendants' activity relative to the workers' compensation case in New York amounts to the "transaction of business," plaintiff's claim is unaffected from such activity as there is no "articulable nexus or substantial relationship" [*2]between defendants' transactions of business and the injury allegedly suffered by plaintiff (D & R Global Selections, S.L. v Bodega Olegario Falcon Pineiro, 29 NY3d at 298-299 [internal quotation marks and citation omitted]).
Finally, we are unpersuaded by plaintiff's assertion that defendants are subject to jurisdiction because, in an email from Merrigan to the liability carrier in the Massachusetts personal injury action, Merrigan noted that plaintiff's counsel fees would be paid by defendants on a quantum meruit basis. This email was neither a guarantee to pay a debt nor a contract to provide "goods or services in the state" (CPLR 302 [a] [1]) and is simply not the kind of activity triggering personal jurisdiction (see Kimco Exch. Place Corp. v Thomas Benz, Inc., 34 AD3d 433, 434 [2006], lv denied 9 NY3d 803 [2007]; compare Rielly Co. v. Lisa B. Inc., 181 AD2d 269, 271-272 [1992]). Accordingly, Supreme Court did not err in granting defendants' motion for summary judgment dismissing the complaint due to lack of personal jurisdiction.
Egan Jr., J.P., Lynch, Devine and Rumsey, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: This figure represents approximately 25% of the $266,000 contingency fee earned by defendants, plus disbursements.