Hurricane Katrina Barge Litig. Joint Venture, LLC v Law Off. of Richard T. Seymour, PLLC (2020 NY Slip Op 03648)





Hurricane Katrina Barge Litig. Joint Venture, LLC v Law Off. of Richard T. Seymour, PLLC


2020 NY Slip Op 03648


Decided on July 1, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2018-01682 
2018-01690
 (Index No. 607358/17)

[*1]Hurricane Katrina Barge Litigation Joint Venture, LLC, plaintiff-respondent, 
v
Law Office of Richard T. Seymour, PLLC, appellant, Hamilton Capital VII, LLC, defendant-respondent, et al., defendants.


Eisenberg & Schnell, LLP, New York, NY (Herbert Eisenberg of counsel), for appellant.
Sanders Law, PLLC, Garden City, NY (Craig B. Sanders of counsel), for plaintiff-respondent.



DECISION & ORDER
In a stakeholder's interpleader action pursuant to CPLR 1006, the defendant Law Office of Richard T. Seymour, PLLC, appeals from (1) a judgment of the Supreme Court, Nassau County (Thomas Feinman, J.), entered December 6, 2017, and (2) an order of the same court entered December 28, 2017. The judgment, upon an order of the same court entered November 15, 2017, denying that defendant's motion to dismiss the complaint insofar as asserted against it and granting the plaintiff's unopposed cross motion, inter alia, for leave to pay certain funds into court, among other things, directed the plaintiff to deposit into court certain funds and restrained the defendants from instituting any actions or asserting any claims against the plaintiff related to the funds. The order denied the motion of the defendant Law Office of Richard T. Seymour, PLLC, to dismiss the cross claims of the defendant Hamilton Capital VII, LLC, insofar as asserted against it.
ORDERED that the judgment and the order entered December 28, 2017, are affirmed, with one bill of costs to the plaintiff.
This interpleader action involves competing claims to legal fees earned in a federal action entitled St. Bernard Parish v Lafarge N. Am. (see St. Bernard Parish v Lafarge N. Am. , 550 Fed Appx 184 [5th Cir]). The plaintiff, Hurricane Katrina Barge Litigation Joint Venture, LLC, is a New York limited liability company, which deposited the legal fees in a New York bank. The plaintiff commenced this interpleader action pursuant to CPLR 1006 against various parties asserting claims to the legal fees, including the defendant Law Office of Richard T. Seymour, PLLC (hereinafter the defendant). The defendant moved to dismiss the complaint insofar as asserted against it for lack of jurisdiction. The plaintiff cross-moved, inter alia, for leave to pay the legal fees into court, and to discharge it from further liability with respect to the legal fees, and dismiss it from the action. In an order entered November 15, 2017, the Supreme Court denied the defendant's motion and granted the plaintiff's unopposed cross motion. Judgment was entered on December 6, 2017, inter alia, directing the plaintiff to pay the legal fees into court, restraining the defendants from instituting any actions or asserting any claims against the plaintiff related to the legal fees, and [*2]discharging the plaintiff from the action. In a subsequent order entered December 28, 2017, the court denied the defendant's separate motion to dismiss the cross claims asserted against it by the defendant Hamilton Capital VII, LLC (hereinafter Hamilton), for lack of jurisdiction. The defendant appeals.
Contrary to the defendant's contention, the Supreme Court, pursuant to CPLR 1006(g), may properly exercise jurisdiction over the defendant's interest in the legal fees located in New York. Since the legal fees which provide the basis of jurisdiction are the subject of the litigation, there is a "constitutionally adequate connection between the defendant, the State and the action" (Keane v Kamin , 94 NY2d 263, 265), such that the court's assertion of jurisdiction is consistent with due process (see Shaffer v Heitner , 433 US 186, 206-212; International Shoe Co. v Washington , 326 US 310, 316).
Accordingly, we agree with the Supreme Court's determinations denying the defendant's separate motions to dismiss the complaint and Hamilton's cross claims insofar as asserted against it for lack of jurisdiction.
CHAMBERS, J.P., HINDS-RADIX, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court