EMPIRE BEEF COMPANY, INC., Appellant, v MEYNERS-ROBINSON CO., INC., Respondent. [669 NYS2d 998] —Order unanimously reversed on the law without costs, cross motion denied, complaint reinstated, motion granted in part and first and second affirmative defenses dismissed. Memorandum: Supreme Court erred in granting the cross motion of defendant for sum-

mary judgment dismissing the complaint for lack of personal jurisdiction (*see,* CPLR 302 [a] [1]). Defendant is a Florida corporation that contracted with plaintiff, a New York corporation, for the purchase of 42,000 pounds of veal "F.O.B. Rochester". Plaintiff commenced this action to recover the agreed price of the veal.

In *Katz & Son Billiard Prods. v Correale & Sons* (26 AD2d 52, 53, *affd* 20 NY2d 903), it was held that a New Jersey defendant did not transact business in New York within the meaning of the long-arm statute by accepting delivery of goods shipped to New Jersey "F.O.B. [plaintiff's] factory in New York City" (*see also, Dulman v Potomac Baking Co.,* 85 AD2d 676, 677). In *Katz,* however, defendant never entered New York, and delivery was by a common carrier. In this case, the meat was loaded onto defendant's trucks in Rochester for immediate delivery outside the State.

CPLR 302 (a) (1) "is a 'single act statute' and proof of one transaction in New York is sufficient to invoke jurisdiction * * * so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted" (*Kreutter v McFadden Oil Corp.,* 71 NY2d 460, 467). By sending its trucks to Rochester and taking delivery of the meat there, defendant transacted business in New York within the meaning of the statute (*see, Kaddis Mfg. Corp. v Gil-Bar Rubber Prods. Co.,* 103 AD2d 1010). (Appeal from Order of Supreme Court, Monroe County, Lunn, J.—Summary Judgment.) Present—Green, J. P., Lawton, Wisner, Callahan and Balio, JJ.