■ SENECA INSURANCE COMPANY, INC., Appellant, v KAY F. Boss, Respondent. [681 NYS2d 529] —Order, Supreme Court, New York County (Edward Lehner, J.), entered February 20, 1998, which, in an action by an employer against a former employee seeking, *inter alia*, a declaration of the parties' rights under various agreements, granted defendant's motion to dismiss the complaint for lack of personal jurisdiction, unanimously affirmed, with costs.

The action was properly dismissed for lack of jurisdiction over defendant, a Colorado resident and the former manager of the Colorado branch office of plaintiff, a New York insurance company, on the ground that the three meetings attended by defendant at plaintiff's New York office did not amount to purposeful activity such as would render it reasonable to require defendant to conduct her defense here (*see, Hi Fashion Wigs v Hammond Adv.*, 32 NY2d 583, 587). It is undisputed that defendant's attendance at the February 1995 and February 1996 meetings, where the profit sharing and stock purchase agreements giving rise to two of plaintiff's causes of action were discussed, was required of her as part of her duties as plaintiff's employee, and her brief presence in the State on each of those occasions thus was not the result of her own free choice. Even if plaintiff did not require defendant to attend the September 1993 meeting at which she was considered as a candidate for the position of Colorado branch manager, that meeting cannot form a basis for personal jurisdiction because it does not have a substantial relationship to any of plaintiff's causes of action, all of which are based on contracts that were not discussed until 1995 or later (*see, Kreutter v McFadden Oil Corp.*, 71 NY2d 460, 467). Because we agree with the IAS Court that it lacked personal jurisdiction over defendant, we do not reach defendant's alternative argument that the dismissal should be affirmed on the ground of inconvenient forum. Concur—Nardelli, J. P., Wallach, Rubin and Williams, JJ.