■ CHARLES CORNELY et al., Appellants, v DYNAMIC HVAC SUPPLY, LLC, Respondent. [845 NYS2d 797]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Rudolph, J.), dated May 15, 2006, which granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction is denied.

The Supreme Court erred in granting the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction. Generally, a nondomiciliary is subject to the jurisdiction of a New York court if it has purposefully transacted business within the state, and there is a "substantial relationship" between this activity and the plaintiff's cause of action (*Kreutter v McFadden Oil Corp.*, 71 NY2d 460, 467 [1988]; *see McGowan v Smith*, 52 NY2d 268 [1981]). While the ultimate burden of proof rests with the party asserting jurisdiction (*see Brandt v Toraby*, 273 AD2d 429, 430 [2000]), the plaintiffs, in opposition to a motion to dismiss pursuant to CPLR 3211 (a) (8), need only make a prima facie showing that the defendant was subject to the personal jurisdiction of the Supreme Court (*see Opticare Acquisition Corp. v Castillo*, 25 AD3d 238, 243 [2005]).

Here, in opposition to the defendant's motion, the plaintiffs made a prima facie showing that the defendant, a Connecticut

limited liability company, transacted business in the state of New York in connection with the complaint. Specifically, in the complaint, the plaintiffs alleged an agreement for consulting services purposefully entered into by the defendant and the plaintiff Charles Cornely, whose principal place of business is in Mount Vernon, New York. The complaint further alleged that the defendant failed to pay for goods it received from the plaintiff Cornely Brothers, Inc. (hereinafter CBI), which also maintains its principal place of business in Mount Vernon, New York. In addition, Cornely asserted that the defendant often sent its trucks to Mount Vernon to take delivery of materials purchased from CBI, sometimes for resale, and also sold its products to other New York companies. Moreover, even the affidavits submitted in support of the defendant's motion indicated that some of its business was transacted in New York when the defendant delivered its CBI purchases to New York addresses.

Thus, viewing the evidence in the light most favorable to the plaintiffs (see *Brandt v Toraby*, 273 AD2d at 430), their allegations demonstrate, prima facie, that the defendant transacted business in New York in connection with the plaintiffs' causes of action, and it was thus subject to the Supreme Court's long-arm jurisdiction pursuant to CPLR 302 (a) (1) (see *George Reiner & Co. v Schwartz*, 41 NY2d 648, 650-653 [1977]; *Alden Personnel, Inc. v David*, 38 AD3d 697, 699 [2007]; *Opticare Acquisition Corp. v Castillo*, 25 AD3d 238 [2005]; *Empire Beef Co. v Meyners-Robinson Co.*, 248 AD2d 1012, 1013 [1998]; *Dulman v Potomac Baking Co.*, 85 AD2d 676, 677 [1981]). Accordingly, the Supreme Court should have denied the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction. Miller, J.P., Goldstein, Skelos and Balkin, JJ., concur.