■ BARBARA PAOLUCCI, Appellant, v AL KAMAS et al., Respondents. [922 NYS2d 792]—

In an action to recover damages for legal malpractice, the plaintiff appeals from a judgment of the Supreme Court, Richmond County (Maltese, J.), dated June 1, 2009, which, upon an order of the same court dated May 5, 2009, granting that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint for lack of personal jurisdiction, is in favor of the defendants and against her dismissing the complaint. The notice of appeal from the order is deemed a notice of appeal from the judgment (*see* CPLR 5512 [a]).

Ordered that the judgment is affirmed, with costs.

Personal jurisdiction can be conferred under CPLR 302 (a) (1) "even though the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted" (*Deutsche Bank Sec., Inc. v Montana Bd. of Invs.*, 7 NY3d 65, 71 [2006], *cert denied* 549 US 1095 [2006]; *see Fischbarg v Doucet*, 9 NY3d 375, 380 [2007]). Here, however, the Supreme Court properly determined that the number, nature, and quality of the defendants' contacts with New York do not evince purposeful activities by which the defendants availed themselves of the benefits and protections of New York law (*see Weiss v Greenberg, Traurig, Askew, Hoffman, Lipoff, Quentel & Wolff*, 85 AD2d 861 [1981]; *see also Kimco Exch. Place Corp. v Thomas Benz, Inc.*, 34 AD3d 433 [2006]; *O'Brien v Hackensack Univ. Med. Ctr.*, 305 AD2d 199 [2003]; *cf. Fischbarg v Doucet*, 9 NY3d 375 [2007]; *Grimaldi v Guinn*, 72 AD3d 37 [2010]).

The Supreme Court also properly determined that personal jurisdiction over the defendants was not conferred pursuant to CPLR 302 (a) (3) based upon tortious activity occurring outside New York, causing injury within New York. The plaintiff failed to demonstrate prima facie that the defendants "[1] regularly do[ ] or solicit[ ] business, or engage[ ] in any other persistent course of conduct, or derive[ ] substantial revenue from goods used or consumed or services rendered, in the state," or "[2] expect[ ] or should reasonably expect the act to have consequences in the state and derive[ ] substantial revenue from interstate or international commerce" (CPLR 302 [a] [3] [i], [ii]; *see Ingraham v Carroll*, 90 NY2d 592 [1997]; *cf. LaMarca v Pak-Mor Mfg. Co.*, 95 NY2d 210 [2000]).

Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint for lack of personal jurisdiction.

In light of our determination, we need not address the defendants' remaining contentions. Mastro, J.P., Skelos, Leventhal and Roman, JJ., concur. **[Prior Case History: 2009 NY Slip Op 31143(U).]**