■ MUSE COLLECTIONS, INC., Plaintiff, v CARISSIMA BIJOUX, INC., Defendant/Third-Party Plaintiff-Appellant. MGM MIRAGE, INC., et al., Third-Party Defendants-Respondents, et al., Third-Party Defendant. [927 NYS2d 389]—

Personal jurisdiction over a particular defendant can be conferred under CPLR 302 (a) (1) "even where that defendant has never physically entered the state, 'so long as the defendant's activities [in New York] were purposeful and there is a substantial relationship between the transaction and the claim asserted' " (*Kaprall v WE: Women's Entertainment, LLC*, 74 AD3d 1151, 1153 [2010] [citation omitted], quoting *Kreutter v McFadden Oil Corp.*, 71 NY2d 460, 467 [1988]). Here, however, the Supreme Court properly determined that the number, nature, and quality of the contacts with New York by the third-party defendants MGM Mirage, Inc. (hereinafter MGM), and Richard Lazarus, doing business as Jewelez & Dreams (hereinafter Lazarus), do not evince purposeful activities by which they availed themselves of the benefits and protections of New York law (*see Paolucci v Kamas*, 84 AD3d 766 [2011]; *Grimaldi v Guinn*, 72 AD3d 37, 51-52 [2010]; *Kimco Exch. Place Corp. v Thomas Benz, Inc.*, 34 AD3d 433, 434 [2006]; *O'Brien v Hackensack Univ. Med. Ctr.*, 305 AD2d 199, 201 [2003]).

The Supreme Court also properly determined that personal jurisdiction over the third-party defendants MGM and Lazarus was not conferred pursuant to CPLR 302 (a) (3) (ii) based upon alleged tortious activity occurring outside New York, causing

injury within New York. In response to those branches of the third-party defendants' respective cross motions which were to dismiss the third-party complaint for lack of personal jurisdiction insofar as asserted against MGM and Lazarus, the defendant/third-party plaintiff failed to establish that the alleged injuries occurred in New York, that MGM and Lazarus expected or should reasonably have expected their allegedly tortious acts to have consequences in the state, or that either of them derived substantial revenue from interstate or international commerce (*see Ingraham v Carroll*, 90 NY2d 592 [1997]; *Paolucci v Kamas*, 84 AD3d 766 [2011]; *Bill-Jay Mach. Tool Corp. v Koster Indus., Inc.*, 29 AD3d 504, 506 [2006]; CPLR 302 [a] [3] [i], [ii]; *cf. LaMarca v Pak-Mor Mfg. Co.*, 95 NY2d 210, 214 [2000]).

Accordingly, the Supreme Court properly granted that branch of Lazarus's cross motion which was pursuant to CPLR 3211 (a) (8) to dismiss the third-party complaint insofar as asserted against it for lack of personal jurisdiction and that branch of the separate cross motion of the third-party defendants MGM and Rachel Meyers which was pursuant to CPLR 3211 (a) (8) to dismiss the third-party complaint insofar as asserted against MGM for lack of personal jurisdiction.

In light of our determination, we need not address the parties' remaining contentions. Mastro, J.P., Chambers, Austin and Cohen, JJ., concur.