In an action to recover damages for personal injuries, etc., the plaintiff appeals from a judgment of the Supreme Court, Kings County (Weston, J.), entered September 7, 2012, which, upon an order of the same court dated July 25, 2012, inter alia, granting the defendant’s motion pursuant to CFLR 3211 (a) (8) to dismiss the action for lack of personal jurisdiction, is in favor of the defendant and against him dismissing the action.
*725 Ordered that the judgment is affirmed, with costs.
The plaintiff, a New York resident, commenced this action against the defendant, a physician licensed in the State of Texas, who treated his late mother, Elaine Purcell, while she resided in Texas and in Florida. The plaintiff alleged in his summons with notice that the defendant improperly prescribed drugs for his mother while she resided in Texas and Florida without directly examining her or actively monitoring her health, causing dependency and confusion, destroying her social, familial, and economic relationships, and ultimately contributing to her early death. The plaintiff sued for damages suffered directly and indirectly by himself individually and in his capacity as the sole survivor and heir of Purcell, and for damages suffered directly and indirectly by Purcell. The Supreme Court granted the defendant’s motion pursuant to CPLR 3211 (a) (8) to dismiss the action for lack of personal jurisdiction.
Where a motion is made to dismiss an action for lack of personal jurisdiction, it is the plaintiff who bears the ultimate burden of proving a basis for such jurisdiction (see Paterno v Laser Spine Inst., 112 AD3d 34 [2013]). A plaintiff relying on CPLR 302 (a) (3) (ii) “must show that (1) the defendant committed a tortious act outside New York; (2) the cause of action arose from that act; (3) the tortious act caused an injury to a person or property in New York; (4) the defendant expected or should reasonably have expected the act to have consequences in New York; and (5) the defendant derived substantial revenue from interstate or international commerce” (Penguin Group [USA] Inc. v American Buddha, 16 NY3d 295, 302 [2011]). Once those elements are met, an assessment must then be made as to whether a finding of personal jurisdiction satisfies due process (see id.).
Here, the plaintiff failed to establish that the defendant’s alleged tortious act—prescribing medication in Texas to the plaintiffs mother while she was in Texas and in Florida—caused injury in New York (see Paterno v Laser Spine Inst., 112 AD3d 34 [2013]; O’Brien v Hackensack Univ. Med. Ctr., 305 AD2d 199 [2003]; Hermann v Sharon Hosp., 135 AD2d 682 [1987]; cf. Penguin Group [USA] Inc. v American Buddha, 16 NY3d 295 [2011]). Moreover, under the circumstances, the plaintiff failed to establish that the defendant expected or should reasonably have expected the act to have consequences in New York, or that the defendant “ derive [d] substantial revenue from interstate . . . commerce” (CPLR 302 [a] [3] [ii]). In addition, the plaintiff failed to establish that the defendant had the requisite “minimum contacts” with New York such that the prospect of *726 defending a suit here comported with “traditional notions of fair play and substantial justice,” as required by the Federal Due Process Clause (International Shoe Co. v Washington, 326 US 310, 316 [1945] [internal quotation marks omitted]; see J. McIntyre Machinery, Ltd. v Nicastro, 564 US —, —, 131 S Ct 2780, 2787 [2011]).
On February 25, 2014, the Supreme Court of the United States rendered a decision refining the “minimum contacts” analysis set forth in International Shoe Co. (see Walden v Fiore, 571 US —, 134 S Ct 1115 [2014]). The Supreme Court determined that a “plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant’s conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him” (571 US at —, 134 S Ct at 1122). Moreover, the Supreme Court held that, “[d]ue process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the ‘random, fortuitous, or attenuated’ contacts he makes by interacting with other persons affiliated with the State” (571 US at —, 134 S Ct at 1123, quoting Burger King Corp. v Rudzewicz, 471 US 462, 475 [1985]). Here, the defendant’s purported treatment of a New York State resident’s mother in Texas and Florida is the type of attenuated connection to a forum state that the Supreme Court of the United States now holds violates due process.
The plaintiff’s remaining contentions are without merit or need not be reached in light of our determination.
Eng, PJ., Miller, Hinds-Radix and Maltese, JJ., concur.