■ HEATHER WHITCRAFT, Respondent, v PETER RUNYON, Appellant. [999 NYS2d 124]—

In an action, inter alia, to recover damages for prima facie tort and slander, the defendant appeals from an order of the Supreme Court, Suffolk County (Molia, J.), entered July 1, 2011, which denied his motion to dismiss the complaint pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction is granted.

The plaintiff, a New York resident, alleged that she requested a monetary loan from the defendant, her uncle, who was a Colorado resident. The plaintiff made the request by email, and the defendant declined by email. The plaintiff subsequently emailed the defendant to request a cash gift, which the defendant declined by telephone. The parties thereafter had further communications, both by email, Internet web sites, and telephone regarding the plaintiff's requests for a loan or a gift and certain

alleged misconduct the defendant had committed toward the plaintiff approximately 30 years earlier. During all such communications, the plaintiff was in New York and the defendant was in Colorado.

Subsequently, the plaintiff commenced this action, alleging that the defendant engaged in tortious conduct by virtue of these communications. The defendant was served with process in Colorado. The defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction, and the Supreme Court denied the motion.

A court may exercise personal jurisdiction over any nondomiciliary who "transacts any business within the state" (CPLR 302 [a] [1]). Generally, a nondomiciliary will be deemed to be subject to the jurisdiction of a New York court pursuant to CPLR 302 (a) (1) if he or she has "engaged in some purposeful activity within the State and there is a 'substantial relationship' between this activity and the plaintiff's cause of action" (*Brandt v Toraby*, 273 AD2d 429, 430 [2000], quoting *McGowan v Smith*, 52 NY2d 268, 272 [1981]; *see Cornely v Dynamic HVAC Supply, LLC*, 44 AD3d 986 [2007]; *Alden Personnel, Inc. v David*, 38 AD3d 697 [2007]). "Purposeful activities are those with which a defendant, through volitional acts, 'avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws' " (*Fischbarg v Doucet*, 9 NY3d 375, 380 [2007], quoting *McKee Elec. Co. v Rauland-Borg Corp.*, 20 NY2d 377, 382 [1967]).

Although the ultimate burden of proof regarding personal jurisdiction rests with the plaintiff, to defeat a CPLR 3211 (a) (8) motion to dismiss a complaint, the plaintiff need only make a prima facie showing that the defendant is subject to the personal jurisdiction of the court (*see Weitz v Weitz*, 85 AD3d 1153 [2011]; *Cornely v Dynamic HVAC Supply, LLC*, 44 AD3d 986 [2007]). Here, accepting as true the allegations set forth in the complaint and in the plaintiff's opposition papers, and according the plaintiff the benefit of every favorable inference (*see Weitz v Weitz*, 85 AD3d at 1153-1154), the plaintiff failed to meet her prima facie burden. The nature and quality of the defendant's alleged contacts with New York do not demonstrate that he purposefully transacted business within this state (*see Daniel B. Katz & Assoc. Corp. v Midland Rushmore, LLC*, 90 AD3d 977 [2011]; *Kimco Exch. Place Corp. v Thomas Benz, Inc.*, 34 AD3d 433, 434 [2006]).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court should have granted the defendant's motion to dismiss the complaint pursuant to CPLR

3211 (a) (8) for lack of personal jurisdiction. Skelos, J.P., Austin, Sgroi and LaSalle, JJ., concur.