■ RAYMOND FINERTY et al., Respondents, v ABEX CORPORATION, Formerly Known as AMERICAN BRAKE SHOE COMPANY, et al., Defendants, and FORD MOTOR COMPANY, LTD., Appellant. RAYMOND FINERTY et al., Respondents, v ABEX CORPORATION et al., Defendants, and FORD MOTOR COMPANY, Appellant. [5 NYS3d 40]—

Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered on or about October 27, 2014, which denied defendant Ford Motor Company's motion for summary judgment dismissing the complaint and to dismiss for failure to state a cause of action, unanimously affirmed, without costs. Order, same court, Justice, and entry date, which denied defendant Ford Motor Company Ltd.'s motion to dismiss the complaint for lack of personal jurisdiction, unanimously re-

versed, on the facts, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint as against Ford Motor Company Ltd.

Plaintiff Raymond Finerty suffers from peritoneal malignant mesothelioma, a disease whose primary cause is exposure to asbestos. He brought this action against, inter alia, the Ford Motor Company (Ford USA) and Ford Motor Company, Ltd. (Ford UK), alleging that he was exposed to asbestos while working as a mechanic in Ireland, replacing asbestos-containing brakes, clutches, and engine parts on Ford tractors, cars, and trucks.

Ford USA contends that it cannot be held liable for the asbestos-containing auto parts manufactured and distributed by Ford UK, its wholly owned subsidiary, and that there is no basis for piercing the corporate veil. We agree that there is no basis for piercing the corporate veil. However, the record demonstrates that Ford USA acted as the global guardian of the Ford brand, having a substantial role in the design, development, and use of the auto parts distributed by Ford UK, with the apparent goal of the complete standardization of all products worldwide that carried the signature Ford logo. Thus, issues of fact exist whether Ford USA may be held directly liable as a result of its role in facilitating the distribution of the asbestos-containing auto parts on the ground that it was "in the best position to exert pressure for the improved safety of products" or to warn the end users of these auto parts of the hazards they presented (*see e.g. Godoy v Abamaster of Miami*, 302 AD2d 57, 60-61 [2d Dept 2003], *lv dismissed* 100 NY2d 614 [2003] [internal quotation marks omitted]).

We have considered Ford USA's remaining arguments and find them unavailing.

Ford UK moved to dismiss the complaint on the ground of lack of personal jurisdiction. We find that, while plaintiff's injury occurred in New York, where his mesothelioma manifested itself (CPLR 302 [a] [3]), plaintiff failed to establish that Ford UK expected or should reasonably have expected that his exposure to asbestos in Ireland would have consequences in New York (CPLR 302 [a] [3] [ii]; *see e.g. Penny v United Fruit Co.*, 869 F Supp 122, 129 [ED NY 1994]; *Waggaman v Arauzo*, 117 AD3d 724 [2d Dept 2014], *lv denied* 24 NY3d 903 [2014]). Concur—Gonzalez, P.J., Mazzarelli, Acosta, Moskowitz and DeGrasse, JJ.