██ IBRAHIM B. SHATARA, Respondent, v JEFFREY G. EPHRAIM et al., Defendants, and LUIZA DIGIOVANNI, Appellant. [29 NYS3d 406]—

In an action, inter alia, to recover damages for fraud, conversion, and breach of contract, the defendant Luiza DiGiovanni appeals from an amended order of the Supreme Court, Nassau County (Brandveen, J.), dated January 13, 2015, which, after a hearing, denied those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction or, in the alternative, pursuant to CPLR 327 (a) to dismiss the complaint insofar as asserted against her on the ground of forum non conveniens or pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against her for failure to state a cause of action.

Ordered that the amended order is reversed, on the law, with costs, that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against the defendant Luiza DiGiovanni for lack of personal jurisdiction is granted, and those branches of the defendants' motion which were, in the alternative, pursuant to CPLR 327 (a) to dismiss the complaint insofar as asserted against her on the ground of forum non conveniens or pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against her for failure to state a cause of action are denied as academic.

The facts underlying this action are stated in our decision and order on a related appeal (see Shatara v Ephraim, 137 AD3d 1244 [2016] [decided herewith]), and are supplemented here only as necessary.

After a hearing, the Supreme Court determined that it was proper for it to exercise personal jurisdiction over the defendant Luiza DiGiovanni pursuant to CPLR 302 (a) (1) because the plaintiff's contract and tort claims arose from her transac-

tion of business in New York. The court therefore denied those branches of the defendants' motion which were to dismiss the complaint insofar as asserted against DiGiovanni.

"Although the ultimate burden of proof regarding personal jurisdiction rests with the plaintiff, to defeat a CPLR 3211 (a) (8) motion to dismiss a complaint, the plaintiff need only make a prima facie showing that the defendant is subject to the personal jurisdiction of the court" (*Whitcraft v Runyon*, 123 AD3d 811, 812 [2014]; *see Weitz v Weitz*, 85 AD3d 1153, 1154 [2011]; *Cornely v Dynamic HVAC Supply, LLC*, 44 AD3d 986, 986 [2007]).

Here, contrary to the Supreme Court's determination, the plaintiff failed to make a prima facie showing that DiGiovanni purposefully transacted business within New York State (*see Paterno v Laser Spine Inst.*, 24 NY3d 370, 378 [2014]; *Ingraham v Carroll*, 90 NY2d 592, 597-598 [1997]; *Whitcraft v Runyon*, 123 AD3d at 812; *Kimco Exch. Place Corp. v Thomas Benz, Inc.*, 34 AD3d 433, 434 [2006]). At the hearing, DiGiovanni testified that she is an attorney admitted to the New Jersey Bar, that her business address is located in New Jersey, and that she has never represented a client in connection with proceedings in New York courts. No evidence was presented that DiGiovanni purposefully availed herself of the privilege of conducting activities in New York. Accordingly, the court erred in determining that it was proper for it to exercise personal jurisdiction over DiGiovanni pursuant to CPLR 302 (a) (1).

Moreover, the plaintiff did not make a prima facie showing that it was proper for the Supreme Court to exercise personal jurisdiction over DiGiovanni pursuant to CPLR 302 (a) (3). Accepting as true the plaintiff's allegations that DiGiovanni committed tortious acts without New York State causing injury to the plaintiff within the State, the plaintiff failed to present any evidence that DiGiovanni regularly did or solicited business, or engaged in any persistent course of conduct, or derived substantial revenue from goods used or consumed or services rendered in this State (*see* CPLR 302 [a] [3] [i]), or derived substantial revenue from interstate or international commerce (*see* CPLR 302 [a] [3] [ii]; *Waggaman v Arauzo*, 117 AD3d 724, 725 [2014]; *Muse Collections, Inc. v Carissima Bijoux, Inc.*, 86 AD3d 631, 632 [2011]; *Paolucci v Kamas*, 84 AD3d 766, 767 [2011]).

Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against DiGiovanni for lack of personal jurisdiction.

The plaintiff's remaining contentions are without merit. Dillon, J.P., Dickerson, Austin and Duffy, JJ., concur.