IBRAHIM B. SHATARA, Respondent, v JEFFREY G. EPHRAIM et al., Appellants. [29 NYS3d 403]—

In an action, inter alia, to recover damages for fraud, conversion, and breach of contract, the defendants appeal from an order of the Supreme Court, Nassau County (Brandveen, J.), dated September 10, 2013, which denied that branch of their motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against the defendants Jeffrey G. Ephraim and DiGiovanni & Ephraim, LLC, for lack of personal jurisdiction, directed a hearing on the issue of whether it was proper for the court to exercise personal jurisdiction

over the defendant Luiza DiGiovanni, and denied those branches of their motion which were, in the alternative, pursuant to CPLR 327 (a) to dismiss the complaint insofar as asserted against the defendants Jeffrey G. Ephraim and DiGiovanni & Ephraim, LLC, on the ground of forum non conveniens or pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against the defendants Jeffrey G. Ephraim and DiGiovanni & Epraim, LLC, for failure to state a cause of action.

Ordered that the appeal from so much of the order as directed a hearing on the issue of whether it was proper for the court to exercise personal jurisdiction over the defendant Luiza DiGiovanni is dismissed; and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against the defendants Jeffrey G. Ephraim and DiGiovanni & Ephraim, LLC, for lack of personal jurisdiction is granted, and those branches of the defendants' motion which were, in the alternative, pursuant to CPLR 327 (a) to dismiss the complaint insofar as asserted against the defendants Jeffrey G. Ephraim and DiGiovanni & Ephraim, LLC, on the ground of forum non conveniens or pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against the defendants Jeffrey G. Ephraim and DiGiovanni & Ephraim, LLC, for failure to state a cause of action, are denied as academic; and it is further,

Ordered that one bill of costs is awarded to the defendants Jeffrey G. Ephraim and DiGiovanni & Ephraim, LLC.

In May 2012, the defendant Jeffrey G. Ephraim, an attorney residing in New Jersey, contacted the plaintiff, Ibrahim B. Shatara, an attorney residing in New York, to discuss forming a limited liability company for the purpose of practicing law. During ensuing negotiations, it was agreed that the defendant Luiza DiGiovanni would become a member of the newly formed company upon her admission to the New Jersey State Bar, and that the estate of DiGiovanni's father, who had been an attorney, would refer cases to Ephraim and the plaintiff. In June 2012, a certificate of formation of Ephraim & Shatara, LLC, was filed with the New Jersey Department of the Treasury. The main business address of Ephraim & Shatara, LLC, was located in Elizabeth, New Jersey. Additionally, since the plaintiff and Ephraim were both admitted to the New York State Bar, Ephraim & Shatara, LLC, filed an application for a certificate of authority for a foreign limited liability company to

do business in New York State (*see* Limited Liability Company Law § 802 [a]). Although that application was granted, the company failed to comply with the publication requirements (*see* Limited Liability Company Law § 802 [b]) prior to the plaintiff's filing of a certificate of cancellation of Ephraim & Shatara, LLC, with the New Jersey Department of the Treasury in January 2013. The plaintiff alleges that Ephraim & Shatara, LLC, represented five clients in connection with proceedings in New York courts.

In February 2013, the plaintiff commenced the instant action against Ephraim, DiGiovanni, and the newly formed DiGiovanni & Ephraim, LLC (hereinafter DiGiovanni & Ephraim), to recover damages for, inter alia, fraud, conversion, and breach of contract in connection with the formation and dissolution of Ephraim & Shatara, LLC. The defendants were served with process in New Jersey. Thereafter, the defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction or, in the alternative, to dismiss the complaint pursuant to CPLR 327 (a) on the ground of forum non conveniens or pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. The Supreme Court denied those branches of the motion which were to dismiss the complaint insofar as asserted against Ephraim and DiGiovanni & Ephraim pursuant to CPLR 3211 (7) and (8) and 327 (a), and directed a hearing on the issue of whether it was proper to exercise personal jurisdiction over DiGiovanni.

The defendants' appeal from so much of the order as directed a hearing on the issue of whether it was proper for the court to exercise personal jurisdiction over DiGiovanni must be dismissed. That portion of the order merely directed a hearing to aid in the disposition of the motion insofar as it related to DiGiovanni. As such, it did not affect a substantial right, is not appealable as of right, and leave to appeal has not been granted (*see* CPLR 5701 [a] [2] [v]; *Bank of N.Y. v Segui*, 120 AD3d 1369, 1370 [2014]; *Ross v Ross*, 63 AD3d 714, 715 [2009]).

The Supreme Court erred in concluding that New York has jurisdiction over Ephraim and DiGiovanni & Ephraim. "Although the ultimate burden of proof regarding personal jurisdiction rests with the plaintiff, to defeat a CPLR 3211 (a) (8) motion to dismiss a complaint, the plaintiff need only make a prima facie showing that the defendant is subject to the personal jurisdiction of the court" (*Whitcraft v Runyon*, 123 AD3d 811, 812 [2014]; *see Weitz v Weitz*, 85 AD3d 1153, 1154 [2011]; *Cornely v Dynamic HVAC Supply, LLC*, 44 AD3d 986, 986 [2007]).

Here, the plaintiff argues that New York may exercise jurisdiction over Ephraim pursuant to the long-arm statute (*see* CPLR 302). Accepting as true the allegation that Ephraim transacted business in New York, the plaintiff failed to make a prima facie showing that there was a "substantial relationship" between the causes of action asserted in the complaint and Ephraim's activities in New York warranting New York to exercise personal jurisdiction over him (*Johnson v Ward*, 4 NY3d 516, 519 [2005] [internal quotation marks omitted]; *see Pichardo v Zayas*, 122 AD3d 699, 701 [2014]; *Mejia-Haffner v Killington, Ltd.*, 119 AD3d 912, 913-914 [2014]). Additionally, the plaintiff failed to show that Ephraim committed a tort within New York State (*see* CPLR 302 [a] [2]; *Kramer v Vogl*, 17 NY2d 27, 31 [1966]). Moreover, accepting as true the plaintiff's allegations that Ephraim committed tortious acts without the State that caused injury to the plaintiff within the State, the plaintiff failed to make a prima facie showing that Ephraim regularly did or solicited business, or engaged in any persistent course of conduct, or derived substantial revenue from goods used or consumed or services rendered, in New York State (*see* CPLR 302 [a] [3] [i]), or derived substantial revenue from interstate or international commerce (*see* CPLR 302 [a] [3] [ii]; *Ingraham v Carroll*, 90 NY2d 592 [1997]; *Waggaman v Arauzo*, 117 AD3d 724, 725 [2014]; *Muse Collections, Inc. v Carissima Bijoux, Inc.*, 86 AD3d 631, 632 [2011]; *Paolucci v Kamas*, 84 AD3d 766, 767 [2011]). Further, the plaintiff does not allege that Ephraim owns, uses, or possesses any real property situated within New York State (*see* CPLR 302 [a] [4]). Thus, the plaintiff failed to establish, prima facie, that Ephraim was subject to the personal jurisdiction of the Supreme Ccourt pursuant to CPLR 302.

The plaintiff contends that DiGiovanni & Ephraim is subject to personal jurisdiction pursuant to CPLR 302 (a) (3) because it committed tortious acts without the State causing injury to him within the State. Even assuming this contention is true, the plaintiff failed to make a prime facie showing that DiGiovanni & Ephraim regularly did or solicited business, or engaged in any persistent course of conduct, or derived substantial revenue from goods used or consumed or services rendered, in New York State (*see* CPLR 302 [a] [3] [i]), or derived substantial revenue from interstate or international commerce (*see* CPLR 302 [a] [3] [ii]; *Ingraham v Carroll*, 90 NY2d 592 [1997]; *Waggaman v Arauzo*, 117 AD3d at 725; *Muse Collections, Inc. v Carissima Bijoux, Inc.*, 86 AD3d at 631; *Paolucci v Kamas*, 84 AD3d at 766). Accordingly, the plaintiff failed to establish, prima facie, that DiGiovanni & Ephraim

was subject to the personal jurisdiction of the Supreme Court pursuant to CPLR 302.

The plaintiff's remaining contentions either are without merit, are not properly before this Court, or have been rendered academic in light of our determination. Dillon, J.P., Dickerson, Austin and Duffy, JJ., concur.