Zeidan v Scott's Dev. Co. (2019 NY Slip Op 04549)





Zeidan v Scott's Dev. Co.


2019 NY Slip Op 04549


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.


167 CA 18-01678

[*1]MOHAMMED ZEIDAN AND HIBA ABUHAMDEH, PLAINTIFFS-APPELLANTS,
v
SCOTT'S DEVELOPMENT COMPANY, SCOTT'S SPLASH LAGOON, INC., DOING BUSINESS AS SPLASH LAGOON INDOOR WATER PARK RESORT AND SCOTT ENTERPRISES, LLC, DOING BUSINESS AS SPLASH LAGOON INDOOR WATER PARK RESORT, DEFENDANTS-RESPONDENTS. 






ANDREWS, BERNSTEIN, MARANTO & NICOTRA, PLLC, BUFFALO (RICHARD A. NICOTRA OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, ERIE, PENNSYLVANIA (PATRICK M. CAREY OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Niagara County (Daniel Furlong, J.), entered January 11, 2018. The order granted the motion of defendants to dismiss the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Mohammed Zeidan (plaintiff) allegedly sustained injuries when, after going down a water slide at a water park in Pennsylvania owned and/or operated by defendants, he was struck by another patron who was sent down the water slide too closely behind him. Plaintiffs commenced this action asserting a cause of action for negligence based on defendants' alleged improper supervision of the water slide and inadequate training of the water park employees, as well as a derivative cause of action on behalf of plaintiff's spouse. Contrary to plaintiffs' contention, Supreme Court properly granted the motion of defendants to dismiss the complaint for lack of personal jurisdiction (see CPLR 3211 [a] [8]). "[I]n opposition to a motion to dismiss pursuant to CPLR 3211 (a) (8), [plaintiffs] need only make a prima facie showing that the defendant[s] . . . [were] subject to the personal jurisdiction of" the court (Halas v Dick's Sporting Goods, 105 AD3d 1411, 1412 [4th Dept 2013] [internal quotation marks omitted]). Here, however, having accepted as true the allegations set forth in the complaint and in plaintiffs' opposition papers, and having accorded plaintiffs the benefit of every favorable inference (see Whitcraft v Runyon, 123 AD3d 811, 812 [2d Dept 2014]), we conclude that plaintiffs failed to meet that burden (see id.; cf. Halas, 105 AD3d at 1412).
Contrary to plaintiffs' contention, they failed to make a prima facie showing of jurisdiction pursuant to CPLR 302 (a) (1) inasmuch as they failed to demonstrate "an articulable nexus' or substantial relationship' " between at least one element of their negligence cause of action and defendants' alleged contacts with New York (D & R Global Selections, S.L. v Bodega Olegario Falcon Pineiro, 29 NY3d 292, 298 [2017]; see Mejia-Haffner v Killington, Ltd., 119 AD3d 912, 914 [2d Dept 2014]; cf. Halas, 105 AD3d at 1412; see also Leuthner v Homewood Suites by Hilton, 151 AD3d 1042, 1043-1044 [2d Dept 2017]). For a similar reason, plaintiffs failed to make a prima facie showing of jurisdiction pursuant to CPLR 302 (a) (4). Although plaintiffs alleged that defendant Scott Enterprises, LLC owns property in New York, there is no indication in the record that such ownership gave rise to plaintiffs' allegations of negligence at the water park in Pennsylvania (see generally D & R Global Selections, S.L., 29 NY3d at 298-299; Black Riv. Assoc. v Newman, 218 AD2d 273, 276-277 [4th Dept 1996]).
Plaintiffs also failed to make a prima facie showing of jurisdiction pursuant to CPLR 302 (a) (3). Indeed, plaintiff's alleged injuries did not occur "within" New York (id.). It is undisputed that the alleged injuries were sustained in Pennsylvania, and the fact that plaintiff may have suffered medical consequences in New York after returning home is insufficient to establish jurisdiction under CPLR 302 (a) (3) (see McGowan v Smith, 52 NY2d 268, 274-275 [1981]; cf. Halas, 105 AD3d at 1412; see also Paterno v Laser Spine Inst., 24 NY3d 370, 381 [2014]; Bloomgarden v Lanza, 143 AD3d 850, 852 [2d Dept 2016]).
In light of our determination that plaintiffs failed to make the requisite showing under an applicable provision of CPLR 302, we see no need to reach plaintiffs' contention concerning due process (see generally LaMarca v Pak-Mor Mfg. Co., 95 NY2d 210, 214 [2000]).
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court