Aybar v Goodyear Tire & Rubber Co. (2019 NY Slip Op 06584)





Aybar v Goodyear Tire & Rubber Co.


2019 NY Slip Op 06584


Decided on September 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
ANGELA G. IANNACCI, JJ.


2016-07396
 (Index No. 706908/15)

[*1]Jose Aybar, plaintiff-respondent, 
v
Goodyear Tire & Rubber Company, appellant, et al., defendant; U.S. Tires and Wheels of Queens, LLC, nonparty-respondent.


DLA Piper LLP (US), New York, NY (Kevin W. Rethore and Jayne Risk of counsel), for appellant.
Certain & Zilberg, PLLC (Parker Waichman LLP, Port Washington, NY [Jay L.T. Breakstone and Jessica L. Richman], of counsel), for plaintiff-respondent.
Marshall Dennehey Warner Coleman & Goggin, P.C., New York, NY (Adam C. Calvert of counsel), for nonparty-respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the defendant Goodyear Tire & Rubber Company appeals from an order of the Supreme Court, Queens County (Thomas D. Raffaele, J.), entered May 31, 2016. The order denied that defendant's motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against it for lack of personal jurisdiction.
ORDERED that the order is reversed, on the law, with one bill of costs, and the motion of the defendant Goodyear Tire & Rubber Company pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against it for lack of personal jurisdiction is granted.
On July 1, 2012, the plaintiff, a resident of Queens County, allegedly was injured when a tire on the automobile he was driving failed, causing the vehicle to become unstable and overturn. The incident occurred on an interstate highway in Virginia. Thereafter, the plaintiff commenced this action against, among others, the defendant Goodyear Tire & Rubber Company (hereinafter Goodyear), alleging, among other things, that Goodyear negligently designed and manufactured the faulty tire.
Goodyear moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against it for lack of personal jurisdiction. In the order appealed from, the Supreme Court denied Goodyear's motion, finding that Goodyear was subject to general jurisdiction in New York. The court determined that the activities of Goodyear in New York were so continuous and systematic that it was essentially "at home" here, and that Goodyear had otherwise consented to general jurisdiction in New York by registering to do business in New York as a foreign corporation and designating a local agent for service of process. We reverse.
"While the ultimate burden of proof rests with the party asserting jurisdiction, the plaintiffs, in opposition to a motion to dismiss pursuant to CPLR 3211(a)(8), need only make a prima [*2]facie showing that the defendant was subject to the personal jurisdiction of the Supreme Court" (Cornely v Dynamic HVAC Supply, LLC, 44 AD3d 986, 986 [citation omitted]; see Abad v Lorenzo, 163 AD3d 903, 904). "General jurisdiction in New York is provided for in CPLR 301, which allows a court to exercise such jurisdiction over persons, property, or status as might have been exercised heretofore'" (Aybar v Aybar, 169 AD3d 137, 143, quoting CPLR 301). A court may exercise general jurisdiction over foreign corporations "when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State" (Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 US 915, 919 [internal quotation marks omitted]; see Daimler AG v Bauman, 571 US 117, 127; Aybar v Aybar, 169 AD3d at 143-144).
Here, in opposition to Goodyear's motion, the plaintiff failed to make a prima facie showing that personal jurisdiction over Goodyear existed under CPLR 301. The plaintiff did not rebut the evidence submitted by Goodyear showing that Goodyear's affiliations with New York are not so continuous and systematic as to render it essentially at home here (see Daimler AG v Bauman, 571 US at 139; Aybar v Aybar, 169 AD3d at 143-146). Furthermore, contrary to the Supreme Court's determination, "a corporate defendant's registration to do business in New York and designation of the Secretary of State to accept service of process in New York does not constitute consent by the corporation to submit to the general jurisdiction of New York for causes of action that are unrelated to the corporation's affiliations with New York" (see Aybar v Aybar, 169 AD3d at 152).
The plaintiff's remaining contention is without merit.
Accordingly, the Supreme Court should have granted Goodyear's motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against it for lack of personal jurisdiction.
CHAMBERS, J.P., AUSTIN, ROMAN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court